IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 13-30975 |
| | Chapter 7 |
| The matter of BYRON REED, | |
| | Adversary Proceeding No. 13-01294 |
| Debtor. | |
| | Honorable Timothy A. Barnes |
| | Courtroom 613 |

## DEBTOR'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

NOW COMES Debtor BYRON REED, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and in support of his Motion to Dismiss Creditor Hassan A. Muhammad's Adversarial Complaint Objecting to the Discharge of Debt Owed to A & H Caring Connections, Inc., respectfully states unto this Honorable Court as follows:

### INTRODUCTION

The United States Supreme Court has long and often stated that "[t]he principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (1902). This fresh start is attained through discharge, which is of significant importance. The discharge is the mechanism which enables the debtor to begin a new financial life, essentially providing the unfortunate individual with a fresh start. To achieve this goal, Section 524 of the Bankruptcy Code voids any judgment against the debtor to the extent that it is a determination of the debtor's personal liability on a claim subject to the discharge, which will typically be all claims that arose before the commencement of the case. 11 U.S.C. § 524(a)(1). The Code further provides a statutory injunction against the

1

continued prosecution of any action that could lead to such a judgment. 11 U.S.C. § 524(a)(2 – 3).

Defendant Debtor Byron Reed (hereinafter "Dr. Reed") is the type of individual that the Bankruptcy Code exists to protect. Dr. Reed has come into a period wrought with hard luck, failing professionally, overburdened with debt, and subjugated by an enormous judgment in the underlying State case filed by Creditor A & H Caring Connections, Inc. (hereinafter "Creditor"). Desperately feeling that he was a victim of an injustice, he did not have the means to file an appeal. Now, left with nowhere else to turn, Dr. Reed sought to avail himself of the fresh start promised by the Bankruptcy Code. This doorway to a new financial life provided a glimmer of hope in what has become a dark existence, fraught with hopelessness. Now, Plaintiff Hassan A. Muhammad, assignee of Creditor's judgment (hereinafter "Plaintiff"), seeks to exempt the judgment owed to A & H from discharge. Without providing any evidence to the contrary, Plaintiff asserts that Dr. Reed is a malicious ne'er-do-well, who has made a career out of defrauding others. As will be demonstrated below, nothing could be further from the truth.

Plaintiff further alleges that the state court judgment was based on findings of fraud and deception. This is not the case. Judge Powell did not make any findings of fraud, dishonesty, or deception. Plaintiff glosses over the slew of other causes of action plead in Creditor's initial Complaint, including Breach of Contract. It is noteworthy that, despite Creditor's request, the State Court Judge denied an award of punitive damages, giving further credence to Dr. Reed's assertions that he has never committed fraud. In any sense, Plaintiff's Adversarial Complaint is woefully inadequate and fails to state any claim against Dr. Reed.

## LEGAL STANDARDS

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Although, when considering a motion to dismiss, a Court must take all of the factual allegations as true, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 679. A "court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

I.  **PLAINTIFF'S ADVERSARIAL COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S ALLEGATIONS DO NOT CONFORM WITH THE PLEADING STANDARDS SET FORTH IN THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the United States

Supreme Court has often held, the "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The allegations set forth in Plaintiff's Complaint are as follows: "The debt awarded by defendant Reed was [sic] actual damages awarded after a bench trial by Cook County Circuit Court Judge Joan Powell in compensation for defendant Reed's fraudulent and malicious activities perpetrated upon the Plaintiffs." (Plaintiff's Complaint ¶ 8, attached hereto and incorporated within as Exhibit "A"). "Plaintiff entered into a contractual relationship which required Plaintiff A&H to recruit, enroll, provide all services, document participant progress and modify treatment plans as needed. The contract required defendant Reed to bill Medicare, Medicaid and other private insurances [sic] for the services provided by Plaintiff A&H and to reimburse Plaintiff A&H for those services . . ." (Ex. A, ¶ 10). Plaintiff further alleges that "[f]or more than a year defendant Reed did not reimburse the plaintiff, but instead falsely told the Plaintiff 'the State of Illinois is broke and has withheld all payments. You will have to wait for your reimburse [sic] until the State of Illinois can pay its debts.' It was later discovered the State of Illinois had the debtor on the fast track payment plan and paid all of his billings 21 days from the date of invoice!" (Ex. A., ¶ 12). "For more than a year the Plaintiff A&H believed defendant Reed was being honest and struggled to pay its staff. . ." (Ex. A, ¶ 13).

The foregoing forms the crux of Plaintiff's Complaint. Plaintiff continues with allegations of perjury, and further, makes various conclusory allegations of mysteriously vague

4

"cloak and dagger" activity by Dr. Reed couched in quotations from the Bankruptcy Code. Moreover, although the Complaint purports to follow some organized scheme, that scheme eludes the Defendant. There are multiple claims for relief, including a number of subsections which fail to follow any logical pattern, seemingly formed willy-nilly in order to break up the monotony of extended and often redundant restatements of the Bankruptcy Code. Though perhaps aesthetically pleasing to the author, such allegations and their presentation are illustrative of the vacuousness of the alleged causes of action.

II. PLAINTIFF'S ADVERSARIAL COMPLAINT SHOULD BE DISMISSED BECAUSE THE ALLEGATIONS OF FRAUDULENT CONDUCT FAIL TO CONFORM TO THE HEIGTENED PLEADING STANDARDS SET FORTH BY RULE 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Ordinarily, federal pleading standards require a plaintiff to do no more than state the nature of his or her claim in such a way that the defendant has notice of it. The Federal Rules, however, provide a heightened pleading standard for allegations of fraud. Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Fed. R. Civ. P. 9(b)* (made applicable by Bankruptcy Rule 7009, *Fed. R. Bankr. P. 7009*). Particularity under Rule 9(b) means "the who, what, when, where, and how: the first paragraph of any newspaper story." *Katz v. Household Int'l, Inc.*, 91 F. 3d 1036, 1040 (7th Cir. 1996). Rule 9(b) requires that a complaint identify who made the misrepresentation; state the time, place, and content of the misrepresentation; and describe how the misrepresentation was communicated. *Kennedy v. Venrock Assocs.*, 348 F. 3d 584, 593 (7th Cir. 2003).

The goal of the more stringent pleading standard is usually described as "ensuring that a defendant has adequate notice of the specific activity claimed to be fraudulent so that the accused party may file an effective responsive pleading." *Lachmund v. ADM Investor Servs., Inc.*, 191 F.

5

3d 777, 783 (7th Cir. 1999). The Seventh Circuit has offered a different view of Rule 9(b), declaring that Rule 9(b) is not about notice at all. Because claims of fraud are often made 'irresponsibly' and can damage reputations, the court said Rule 9(b) is really meant to "force the plaintiff to do more than the usual investigation before filing his complaint." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F. 3D 467, 469 (7th Cir. 1999).

After an extensive review of Plaintiff's Complaint, it is clear that those standards have not been met. Plaintiff has not been able to conform to the general pleading standards set forth by Rule 8(a), let alone the heightened standards provided by Rule 9(b). Although it stands to reason that Plaintiff must have done some investigation during the underlying State suit, the Complaint gives neither notice nor any assurance that an adequate pre-filing investigation was performed.

As stated above, Plaintiff's entire Complaint centers around three [3] paragraphs of "General Averments," in which Plaintiff neglects to mention any specifics beyond identifying the underlying State Court action, mentioning the subsequent additur, and alleging that Dr. Reed "operated a series of family owned and operated businesses. . . aided in these business efforts by his wife, Shirley Walker, who also sometimes goes by her maiden name 'Shirley Jackson.'" (Ex. A, ¶ 5). Perhaps Plaintiff failed to notice that Defendant's surname is Reed, not Walker. Had Plaintiff done *any* investigation, he would have found that Dr. Reed and Ms. Walker a/k/a Jackson, *were never married.* Plaintiff attempts to substantiate his claims in the "Relevant History" subsection of his First Claim for Relief, where he vaguely describes the alleged fraudulent conduct. Aside from Dr. Reed's alleged statement that "the State of Illinois is broke" and Plaintiff's baseless allegations that Dr. Reed's bankruptcy filing was somehow deficient, Plaintiff fails to identify *any* underlying misrepresentations. Moreover, he fails to allege who made the representations; the time, place, and content of any such misrepresentations; and how

or to whom the misrepresentations were communicated as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### III. COUNTS I THROUGH III OF PLAINTIFF'S ADVERSARIAL COMPLAINT, SOUNDING IN FRAUD, SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO CLEARLY IDENTIFY ANY INJURY AND FURTHER FAILS TO IDENTIFY CAUSATION BETWEEN THE DEFENDANT'S ALLEGED CONDUCT AND PLAINTIFF'S ALLEGED INJURY

A defendant's conduct is the proximate cause of a Plaintiff's injury only if the injury is the natural and probable consequence of the negligence or wrongful act and ought to have been foreseen in light of the circumstances. The Seventh Circuit has defined this "loss causation" requirement as "a restatement of the rule in common law fraud actions requiring a plaintiff to show that 'but for the defendant's wrongdoing, the plaintiff would not have incurred the harm of which he complains.'" *Ong v. Sears, Roebuck & Co.*, 459 F. Supp. 2d 729, 747 (N. Dist. Ill. 2006). "[L]oss causation *is* the standard common law fraud rule . . . . It is more fundamental still; it is an instance of the common law's universal requirement that the tort plaintiff prove causation. . . No hurt, no tort." *Bastian v. Petren Resources Corp.*, 892 F. 2d 680, 683-684 (7th Cir. 1990).

Plaintiff vaguely stated that A&H "believed defendant Reed was being honest and struggled to pay its staff." (Ex. A, ¶ 13). Plaintiff further alleges that A&H was forced to conduct layoffs, and the homes of many of those laid-off employees went into foreclosure. Plaintiff fails to identify how these layoffs are the proximate result of Dr. Reed's alleged conduct rather than the result of poor company management and an ignorance of personal finance. Plaintiff further failed to accurately identify how he relied on these alleged misrepresentations such that he suffered an injury as a proximate result.

IV. **PLAINTIFF'S ADVERSARIAL COMPLAINT SHOULD BE DISMISSED BECAUSE THERE WERE NO FINDINGS OF FRAUD IN THE UNDERLYING STATE COURT SUIT UPON WHICH THIS ACTION IS BASED**

Section 524 of the Bankruptcy Code defines the effect of discharge: "[a] discharge in a case under this title . . . voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor . . ." 11 USCS § 524 (a)(1). Further, the United States Supreme Court has repeatedly held that exceptions from discharge are comprehensively defined by the Code.

If Plaintiff had even glanced at the court order granting the judgment upon which this adversarial claim rests, it would have been obvious that the money judgment was "for work billed", essentially a finding of *quantum meruit*, or breach of contract, not fraud. Moreover, the judgment in the underlying State suit was entered solely against Dr. Byron Reed. Moreover, Dr. Reed attempted to pay Plaintiff, as is evident from the aforementioned final order of judgment, which states that Dr. Reed paid a sum of $55,000.00 to Plaintiff. Further, in the State Court order dated May 29, 2013, the Court found that Norybdeer Ltd. is not a third-party defendant. The order further stated that there was no judgment entered against Norybdeer Ltd. As such, any allegations in the Adversarial Complaint alleging a finding of fraud against Norybdeer Ltd. in the underlying State suit are blatantly false. The U.S. Supreme Court addressed a similar situation to the one at bar in *Friend v. Talcott*, where the Court stated that "although the claim under consideration involved both the elements of contract and tort, as no judgment has been entered establishing the tort, under the bankrupt law as then existing the debt was not excepted from a discharge. . ." *Friend v. Talcott*, 228 U.S. 27, 38 (1913).

8

## CONCLUSION

WHEREFORE, in consideration of the foregoing, Debtor respectfully prays that this Honorable Court grant his Motion to Dismiss Plaintiff's Adversarial Complaint, and for such other and further relief that this Honorable Court deems just and equitable.

Respectfully Submitted,

\s\ Anthony J. Peraica
Anthony J. Peraica

ANTHONY J. PERAICA & ASSOCIATES, LTD.
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035