## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 13-30975 |
| | ) | Chapter 7 |
| The matter of BYRON REED, | ) | |
| | ) | Adversary Proceeding No. 13-01294 |
| Debtor. | ) | |
| | ) | Honorable Timothy A. Barnes |
| | ) | Courtroom 613 |

### DEBTOR'S AMENDED MOTION TO DISMISS PURSUANT TO
### RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE

NOW COMES Debtor BYRON REED, by and through his attorneys, Anthony J. Peraica

& Associates, Ltd., and in support of his Amended Motion to Dismiss Creditor Hassan A.

Muhammad's Adversary Complaint Objecting to the Discharge of Debt Owed to A & H Caring

Connections, Inc., respectfully states unto this Honorable Court as follows:

### INTRODUCTION

Plaintiff Hassan A. Muhammad, assignee of Creditor's judgment (hereinafter "Plaintiff"),

seeks to exempt the judgment owed to A & H Caring Connections, Inc. from discharge.

However, the Plaintiff fails to state any claim because the assignment of the debt was void, the

Plaintiff engages in the unauthorized practice of law, and the Plaintiff cannot represent a

company in legal proceedings that he is an agent of.

### LEGAL STANDARDS

To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S

662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Id.*

EXHIBIT
1
ALL-STATE LEGAL®

## ARGUMENT

I.  **PLAINTIFF'S ADVERSARY COMPLAINT MUST BE DISMISSED BECAUSE HIS ASSIGNMENT IS VOID AND VIOLATES ILLINOIS PUBLIC POLICY PROHIBITING THE UNAUTHORIZED PRACTICE OF LAW.**

Under Illinois law, claims are generally assignable, unless the assignment violates public policy. *Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc.*,692 N.E.2d 269, 274 (Ill. 1998). However, in *Todd v. Franklin Collection Service Incorporated*, Case No. 11-3818 (7th Cir. Sept. 5, 2012), the Seventh Circuit held that Illinois public policy forbids the assignment of legal claims to non-attorneys in order to litigate without a license. See *King v. First Capital Fin. Servs. Corp.*, 215 Ill.2d 1, 293 Ill.Dec. 657, 828 N.E.2d 1155, 1166 (Ill.2005); *Chicago Bar Ass'n v. Quinlan and Tyson, Inc.*, 34 Ill.2d 116, 214 N.E.2d 771, 775 (Ill.1966) (protection of the public requires that only licensed attorneys provide legal advice for consideration); *Biggs v. Schwalge*, 341 Ill.App. 268, 93 N.E.2d 87, 88 (Ill.App.Ct.1950) ("An assignment cannot be used as a subterfuge to enable plaintiff to indulge his overwhelming desire to practice law, without complying with the requirements for admission to the bar.").

In the instant matter, A & H Caring Connections, Inc. (hereinafter "A&H") won a judgment in civil case 2009 L 000930 in the Circuit Court of Cook County on July 24, 2012. (Plaintiff's Complaint, P. 12, attached hereto as Exhibit "A".)  As a result of the judgment, as well as other great financial difficulties, the defendant/debtor filed for bankruptcy protection on August 2, 2013.  Notice was given to creditors and subsequently the attorney who represented A&H in the civil case, after it was filed *pro se* by the company, filed a claim on August 17, 2013. (Plaintiff's Complaint, P. 13-14, attached hereto as Exhibit "B".)  The contact information for Attorney Raymond J. Sanders stated he was located at 1930 W. Hubbard, Chicago, IL 60622 and his company was "The Law Offices of Raymond J. Sanders."  However, according to the Illinois

2

Attorney Registration and Disciplinary Commission (ARDC), Mr. Sanders was last registered in 2013 with the Immigrant Law Center at a different street address and that he has been retired since then. (See ARDC Record attached hereto as Exhibit "C".)

Nevertheless, on November 5, 2013, the president of A&H, Alice Jackson, suddenly assigned all her rights, title, and interests in her claim "in an adversary proceeding in the debtor's Case No. 13-30975" for some form of valuable consideration. (Plaintiff's Complaint, P. 18, attached hereto as Exhibit "D".) The assignment was notarized by Maria Bailey. Three days after the A&H assignment, the Plaintiff filed an elaborate adversary complaint *pro se* in order to pursue the assigned claim, with multiple exhibits comprising of documents and testimony from the debtor. Immediately, the Plaintiff's claim must be barred because the plaintiff is pursuing assigned claims pro se and engaging in the unauthorized practice of law. *Todd v. Franklin Collection*, Case No. 11-3818 which relies on *Lazy 'L' Family Pres. Trust v. First State Bank of Princeton*, 167 Ill.App.3d 624, 118 Ill.Dec. 130, 521 N.E.2d 198, 200–01 (Ill.App.Ct.1988).

However, it seems that in reviewing all of the Plaintiff's documents and pleadings and the language used therein, one might think he had legal experience of some sort or was getting assistance from someone or somewhere. As part of his prayer for relief, the Plaintiff requested "an award of attorney's fees." (See Plaintiff's Complaint, P. 11, ¶c.) Then Plaintiff propounded detailed discovery, a request to admit, elaborate responses to debtor's motions, as well as filed various motions. Furthermore, the Plaintiff for some reason asked to have the debtor "perform 2,000 hours of community service for Concerned Citizens, Inc" in the prayer for relief of his response filed on May 5, 2014 to the Debtor's Motion for Summary Judgment (more on this later). (See Plaintiff's Response to Debtor's Motion for Summary Judgment, P. 18, ¶b.)

3

A search of the ARDC website shows no one by the name of Hassan Muhammad or Hassan A. Muhammad as being licensed to practice law. (See ARDC Search, attached hereto as Exhibit "E".) Although, with a little search of public records, it is evident that the Plaintiff does indeed have experience with the legal system in the form of filing more than ten (10) cases *pro se* in Cook County, Illinois for various matters involving money judgments. (See Clerk of the Circuit Court of Cook County Docket Printouts, attached hereto as Exhibits "F".) Some of the cases were filed with Maria Bailey as a co-plaintiff, who is the notary on the A&H assignment from Alice Jackson. In fact, the Plaintiff filed a strikingly similar adversary complaint objecting to discharge of a debt owed, in front of this Honorable Court, in Case No. 14-01361. (See Complaint and Affidavit in Support of Request for Entry of Default in Case No. 14-01361, attached hereto as Exhibit "G".) In the complaint in Case No. 14-01361, Plaintiff states that "Maria Bailey assigned her interest in case number 2012 CH 42455 [Cook County Chancery Division] to the Plaintiff . . . *to conduct the binding arbitration*." (See Exhibit G, P. 2, ¶ 11). The original Chancery case was filed by Mother's Touch Home Health and a search on the Illinois Secretary of State's Department of Business Services website ("SOS") shows the agent and secretary of Mother's Touch is Maria Bailey and being located at 321 N. Mason in Chicago, Illinois. (See SOS Corporation File Detail Report, attached hereto as Exhibit "H".) That means the Plaintiff was illegally representing a corporation and engaging in the unauthorized practice of law (see Argument II below). Furthermore, the Plaintiff, under oath in his filing, states that Maria Bailey is his wife and also used her to notarize affidavits and other exhibits. (See Exhibit G, P. 3, ¶ 21; P. 35, ¶1). Additionally, the Plaintiff also executed a lease on behalf of Mother's

4

Touch, which either means he is an employee/agent/officer of the corporation or was again

engaging in the unauthorized practice of law. (See Exhibit G, P. 36, ¶ 3).

By now, the aforementioned series of events seem too good to be coincidental. An

additional search on the SOS website showed that the agent and president listed for A&H is

Alice Jackson and Maria Bailey as the Secretary as well as being located at 321 N. Mason in

Chicago, Illinois. (See SOS Corporation File Detail Report, attached hereto as Exhibit "I".)

Upon information and belief, the Annual Reports for A&H from 2007 to 2009 contain the name

of the Plaintiff and perhaps the A&H stands for Alice and Hassan.

A third search for Concerned Citizens, Inc. on the SOS website found that the agent was

Alice Jackson, that the incorporation date was 1992 and the location at 321 N. Mason in

Chicago, Illinois. (See SOS Corporation File Detail Report, attached hereto as Exhibit "J".)

Upon information and belief, Concern Citizens, Inc. is a halfway house and the Articles of

Incorporation contain the name of the Plaintiff. A general Internet search lists the Plaintiff as an

executive director. (See Yellow Pages by Cybo printout, attached hereto as Exhibit "K".) Even

searching within the P.A.C.E.R. system found *Levesque v. Concerned Citizens, et al.*, Case 1:13-

cv-07759, which listed "Hassan Muhamed (sic.) and wife Maria Muhamed" as owners of

Concerned Citizens Mothers House as well as "Ms. Alice as Directer (sic.) of Mothers House."

(See Case 1:13-cv-07759 Complaint Pp. 1-2, attached hereto as Exhibit "L".) It is pretty obvious

this refers to the Plaintiff, Maria Bailey and Alice Jackson. A further search of public records

and P.A.C.E.R. showed that Maria Bailey lives at 133 S. Waller in Chicago, Illinois, which is the

exact same address used by the Plaintiff for his contact information. (See Case 1:14-cv-04034

Appearance Form for Pro Se Litigants, attached hereto as Exhibit "M".) It seems as though the

Plaintiff's home is also used as a home office for all of the unauthorized practice of law, mostly

5

on behalf of himself, Alice Jackson, Maria Bailey and/or companies with which they are associated.

It is also interesting to note that while the Plaintiff is not a licensed attorney, he apparently believes himself to be some sort of teacher of law. A blog by an employee of Concerned Citizens, Inc. stated she was being taught by Hassan Muhammad "on a daily basis to become an attorney." (See Free Charity Cars Blog, attached hereto as Exhibit "N".) On a separate occasion, the License Appeal Commission of the City of Chicago stated in an order in 2009 that "A letter dated December 1, 2008, from an individual named Hassan A. Muhammad was sent to the Department of Business Affairs and Licensing" and that "Mr. Muhammad explained he had assisted the Mustafa family in the completion of the Change of Officers application…" (See License Appeal Commission Order, attached hereto as Exhibit "O".) There, the Mustafa family had a corporation which was applying for a liquor license and it is clear that the Plaintiff attempted to perform as an attorney even though he does not practice law.

Due to the assignment of a claim for litigation to a non-lawyer, as well as overwhelming evidence of the continuous unauthorized practice of law, the Plaintiff must be reported for prosecution and his adversary complaint must be dismissed with prejudice in accordance with *Todd v. Franklin.*

## II.   PLAINTIFF'S ADVERSARY COMPLAINT MUST BE DISMISSED BECAUSE IT VIOLATES THE CORPORATION PRACTICE OF LAW PROHIBITION ACT.

If the Plaintiff had been a licensed attorney and was authorized to practice law in the State of Illinois, then he would be allowed to proceed on claims for corporations. However, he is not licensed and therefore he is illegally representing A&H and Concerned Citizens, Inc.

6

Under the Corporation Practice of Law Prohibition Act ("Act"), it is unlawful for any corporation to solicit by itself or by or through its officer, agent or employee, any claim or demand for the purpose of bringing an action at law thereon. 720 ILCS 220/2. The Illinois Supreme Court recently reaffirmed the rule . . . that a corporation must be represented by counsel in legal proceedings. *Stone Street Partners, LLC v. City of Chicago Department of Administrative Hearings*, 2014 IL App (1st) 123654, citing *Downtown Disposal Services, Inc. v. City of Chicago*, 365 Ill. Dec. 684 (2012). The Act ultimately prescribes that "[a]ny corporation violating the provisions of this Act shall be guilty of a petty offense, and shall be fined not to exceed $500, and every officer, trustee, director, agent or employee of such corporation who directly or indirectly engages in any of the acts herein prohibited or assists such corporation to do any such prohibited act or acts is guilty of a petty offense." 720 ILCS 220/3.

As stated earlier, A&H brought a claim in civil court *pro se* against the defendant/debtor in 2009, which was improper. Attorney Raymond J. Sanders was hired eventually by A&H and saw the matter through to judgment. The judgment, which was included in the Adversary Complaint as an exhibit, states that the Plaintiff in the case is A&H, yet also includes an award to "Concerned Citizens - $118,263.00." (Ex. A.) Due to the earlier information that the Plaintiff was and still is an officer/agent/employee of both A&H and Concerned Citizens, Inc., he is fraudulently and unlawfully pursuing the judgment claim on behalf of his own companies. Therefore, Plaintiff's Adversary Complaint must be dismissed with prejudice.

## CONCLUSION

WHEREFORE, in consideration of the foregoing, Debtor respectfully prays that this Honorable Court grant his Motion to Dismiss Plaintiff's Adversary Complaint with Prejudice,

7

for attorney's fees in defending this frivolous litigation and for such other and further relief that

this Honorable Court deems just and equitable.

Respectfully Submitted,


\s\ Anthony J. Peraica
Anthony J. Peraica


**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035

8

Order    (Rev. 9/13/00 CCG 002)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

A&H CARING CONNECTIONS
PLAINTIFF

v.                                             No. 09 L 000930

BYRON REED, NORA BEER TD.
SHIRLEY WALKER
DEFENDANTS

### ORDER

THIS CAUSE COMING ON PLAINTIFF'S MOTION FOR ADDITURE
TO JUDGEMENT AWARD WITH PLAINTIFF ATTENDING BUT DEFENDANTS
NOT PRESENT AND THE COURT HAVING HEARD ALL ARGUMENTS
IT IS ORDERED: (1) JUDGMENT FOR PLAINTIFF FOR WORK RELATED
A (a) CONCERNED CITIZENS - $118,263.00 (B) FOR RIVER - $56,124.00
(c) WARREN PARK - $50,000.00 (2) JUDGMENT FOR PLAINTIFF FOR LOST PROFITS
AT WARREN PARK FOR 6 MONTHS - $43,236.00 (3) JUDGMENT FOR PUNITIVE
DAMAGES DENIED (4) DEFENDANT TO RECEIVE CREDIT FOR $5000.00
PAID TO PLAINTIFF TO DATE.

THIS IS A FINAL ORDER OF JUDGEMENT AGAINST BYRON
TOTAL NET JUDGEMENT AGAINST BYRON REED $118,610.00 REED
53410 IN FAVOR OF PLAINTIFF. There is no

Atty. No.: _____    Name: RAYMOND J SANDERS.
Atty. for: PLAINTIFF                                    ENTERED:    Circuit Court - 1924
Address: 4852 South Ashland
City/State/Zip: CHICAGO, IL 60609                      Judge                    Judge's No.
Telephone: 847-530-3726
Fax - 773-801-0240

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



EXHIBIT

A

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT    Northern District of Illinois | PROOF OF CLAIM |
|---|---|

Name of Debtor:
**BYRON REED**

Case Number:
**13-30975**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**A&H CARING CONNECTIONS, INC.**

Name and address where notices should be sent:
ATTORNEY RAYMOND J. SANDERS
1930 W. HUBBARD ST.
CHGO, ILLINOIS 60622

Telephone number: **(847) 530-3726**    email:   RAYSANDERSUS@YAHOO.COM

Name and address where payment should be sent (if different from above):



Telephone number:            email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:
(if known)

Filed on:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**   $            412,587.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  JUDGMENT
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as:  (See instruction #3a) | 3b. Uniform Claim Identifier (optional):  (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $

Annual Interest Rate ____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$

Basis for perfection:

Amount of Secured Claim:   $

Amount Unsecured:   $

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier — 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$     12,475.00

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

*EXhibit  1*

EXHIBIT
B
ALL-STATE LEGAL®

B10 (Official Form 10) (04/13)    2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   RAYMOND J. SANDERS
Title:   ATTORNEY
Company:   THE LAW OFFICE OF RAYMOND SANDERS & ASSOCIATES
Address and telephone number (if different from notice address above):

_____   _____   _____
                                        (Signature)                        (Date)

Telephone number:                   email:
            *Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Case 13-01294   Doc 120-1   Filed 02/23/15   Entered 02/23/15 18:15:36   Desc

WEBSITE INFORMATION    SEARCH SITE    HOME

## *LAWYER SEARCH: ATTORNEY'S REGISTRATION AND PUBLIC DISCIPLINARY RECORD*

Lawyer Search

Lawyer Registration

How to Submit a Request For Investigation

Rules and Decisions

Ethics Inquiry Program

Publications

New Filings, Hearing Schedules and Clerk's Office

Client Protection Program

Resources & Links

ARDC Organizational Information

ARDC Individual Attorney Record of Public Registration and Public Disciplinary and Disability Information as of February 18, 2015 at 1:08:21 PM:

| | |
|---|---|
| **Full Licensed Name:** | Raymond Joseph Sanders |
| **Full Former name(s):** | None |
| **Date of Admission as Lawyer by Illinois Supreme Court:** | November 29, 1967 |
| **Registered Business Address:** | Immigrant Law Center<br>5700 N. Lincoln Avenue Suite 215<br>Chicago, IL 60659-4799 |
| **Registered Business Phone:** | ((847)) 530-3726- |
| **Illinois Registration Status:** | Retired - not authorized to practice law or provide pro bono services  - Last Registered Year: 2013 |
| **Malpractice Insurance: (Current as of date of registration; consult attorney for further information)** | No malpractice report received. |

**Public Record of Discipline and Pending Proceedings:**     None

Check carefully to be sure that you have selected the correct lawyer. At times, lawyers have similar names. The disciplinary results displayed above include information relating to any and all public discipline, court-ordered disability inactive status, reinstatement and restoration dispositions, and pending public proceedings. Investigations are confidential and information relating to the existence or status of any investigation is not available. For additional information regarding data on this website, please contact ARDC at (312) 565-2600 or, from within Illinois, at (800) 826-8625.

ARDC makes every effort to maintain the currency and accuracy of Lawyer Search. If you find any typographical errors in the Lawyer Search information, please email registration@iardc.org. For changes to contact information, including address, telephone or employer information, we require t[...] a change of address form. Please consult our Address Ch[...] details. Name changes require the filing of a motion with[...] Please consult our Name Change Requests page for de[...]

**EXHIBIT**

C

## A & H CARING CONNECTIONS, INC.
### ASSIGNMENT OF INTERESTS

Now comes the A & H Caring Connections, Inc., through Alice Jackson, its president in the matter within and hereby Assigns its interest in a $412,622 judgment awarded in case number 2009L000930 on July 24, 2012 its beneficial interest challenging in an adversary proceeding in the debtor's **Case No. 13-30975.**

1) THAT A & H Caring Connections, Inc. has judgment interest $412,622 judgment awarded in case number 2009L000930 on July 24, 2012 and beneficial interest in **Case No. 13-30975.**

2) That Alice Jackson is the president of A & H Caring Connections, Inc.

3) That A & H Caring Connections, Inc. by board resolution has given Alice Jackson the authority to assign A & H Caring Connections, Inc.' beneficial interest to another.

4) THAT in exchange for valuable consideration, receipt and sufficiency of which are hereby acknowledged, I, Alice Jackson, President of A & H Caring Connections, Inc., do hereby grant and convey all rights, title, and ownership of said beneficial interest in case number **No. 13-30975,** to Hassan A. Muhammad of 133 S. Waller. Chicago, Illinois 60644.

Dated this _5_ th day of _Nov_, 2013

_Alice Jackson_
ALICE JACKSON, President
A & H Caring Connections, Inc.,

### AFFIDAVIT

State of Illinois
County of Cook

On the _5_ th day of _Nov_ , 2013, before me, a notary public in and for said State, personally appeared Alice Jackson, who satisfactorily proved to me to be the person(s) whose name is subscribed to the within instrument and acknowledged to me that she executed the same for the purpose therein contained.

In witness whereof, I hereunto set my hand and official seal.

_Alice Jackson_
ALICE JACKSON, President
A & H Caring Connections, Inc.,

Notary Public _Maria Bailey_
11-5-13

OFFICIAL SEAL
MARIA BAILEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-7-2015

1

_Exhibit 4_

EXHIBIT



**IARDC** ATTORNEY REGISTRATION & DISCIPLINARY COMMISSION
OF THE SUPREME COURT OF ILLINOIS

WEBSITE INFORMATION | SEARCH SITE | HOME

Lawyer Search

Lawyer Registration

How to Submit a Request
For Investigation

Rules and Decisions

Ethics Inquiry Program

Publications

New Filings, Hearing
Schedules and Clerk's Office

Client Protection Program

Resources & Links

ARDC Organizational
Information

## *LAWYER SEARCH RESULTS*

---

[ Edit Search ]  [ New Search ]

ARDC Lawyer Search Results from the ARDC database last updated as of February 19, 2015 at 1:07:58 PM: for the following terms: Last Name: muhammad, status: All

| Name | Date Admitted | City | State | Authorized to Practice? |
|---|---|---|---|---|
| Anthony Hans Muhammad<br>*Former name(s):*<br>*Anthony Caldwell* | November 9, 2000 | Orland Park | IL | Yes |
| Carolyn Muhammad | November 6, 2014 | Chicago | IL | Yes |
| Jamal Sadat Muhammad | November 10, 2005 | N/A | N/A | No |
| Khaliyg Raashid Muhammad | May 9, 2013 | Chicago | IL | Yes |
| Mustafa Abdullah Muhammad | November 3, 1978 | Chicago | IL | No |
| Sotavia Nikeeyah Muhammad | November 4, 2010 | Orland Park | IL | Yes |

Address information is not available online for retired judges or lawyers who are retired, inactive, deceased or who never registered with ARDC, due to privacy considerations or because ARDC never received those addresses. For those lawyers, "N/A" is displayed above to indicate that the city and state information is not available online. Click on the name of a lawyer to obtain more detailed information regarding the lawyer, including registration status, registered business address and telephone number if available, and any public disciplinary or disability history.

[ Edit Search ]  [ New Search ]

---

**IARDC ®:online access to registration and discipline information regarding Illinois lawyers**
**presented by the Illinois Attorney Registration & Disciplinary Commission**

Lawyer Search | Lawyer Registration | How to Submit a Reque
Rules and Decisions | Ethics Inquiry Program | Pub
New Filings, Hearing Schedules and Clerk's Office | Client Pr

EXHIBIT

E

ALL-STATE LEGAL®



## Cook County
## Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

### Case Information Summary for Case Number
### 2014-L-000174

Filing Date: 1/8/2014
Division: Law Division
Ad Damnum: $50000.00

Case Type: CONTRACT
District: First Municipal
Calendar: V

### **Party Information**

| **Plaintiff(s)** | **Attorney(s)** |
|---|---|
| BAILEY MARIA | PRO SE |
| | |
| MUHAMMAD HASSAN | |

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
|---|---|---|
| | 4852 S ASHLAND INC | |
| 4/30/2014 | SNEED ANNIE | |
| 4/30/2014 | SNEED JOSEPH | |

### **Case Activity**

Activity Date: 1/8/2014                        Participant: BAILEY MARIA

#### CONTRACT COMPLAINT FILED (JURY DEMAND)

Court Fee: 567.00
Ad Damnum Amount: 50000.00                Attorney: PRO SE

Activity Date: 1/8/2014                        Participant: BAILEY

#### SUMMONS ISSUED AND RETURNABLE

EXHIBIT

# Cook County
## Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic, Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2014-CH-05469

Filing Date: 3/31/2014
Division: Chancery Division
Ad Damnum: $0.00

Case Type:
District: First Municipal
Calendar: 15

## Party Information

**Plaintiff(s)**
MUHAMMAD HASSAN A

**Attorney(s)**
PRO SE

**Date of Service**

**Defendant(s)**
AYESH JAMIL

SNEED JOSEPH

**Attorney(s)**

## Case Activity

Activity Date: 3/31/2014                    Participant: MUHAMMAD HASSAN A

PETITION FOR PARTITION - FILED

Court Fee: 337.00                    Attorney: PRO SE

Activity Date: 3/31/2014                    Participant: MUHAMMAD HASSAN A

SUMMONS ISSUED AND RETURNABLE

Attorney: PRO SE

Activity Date: 3/31/2014                    Participant: MUHAMMAD HASSAN

MOTION TO APPOINT SPECIAL PROCESS SERVER

Attorney: PRO SE



# Cook County
# Clerk of the Circuit Court
## Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2013-M1-138918

Filing Date: 7/3/2013
Division: Municipal Division
Ad Damnum: $9450.00

Case Type: CONTRACT
District: First Municipal
Calendar:

## Party Information

| | **Plaintiff(s)** | **Attorney(s)** |
|---|---|---|
| | MUHAMMAD HASSAN | PRO SE |
| | BAILEY MARIA | |
| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
| | BERNARDS MAURICE | PRO SE |
| | BERNARDS NATIONAL | |

## Case Activity

Activity Date: 7/3/2013                    Participant: MUHAMMAD HASSAN

CONTRACT COMPLAINT FILED

Court Room: 1110
Court Fee: 247.00                    Attorney: PRO SE
Ad Damnum Amount: 9450.00

Activity Date: 7/3/2013                    Participant: BERNARDS NATIONAL

IF SERVED, FILE AN APPEARANCE IN ROOM 602 ON OR BEFORE ══════>



# Cook County
# Clerk of the Circuit Court
**Electronic Docket Search**
Chancery, Domestic/Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2012-L-066076

Filing Date: 12/14/2012      Case Type: FRAUD
Division: Law Division      District: First Municipal
Ad Damnum: $50000.00      Calendar: I

## Party Information

**Plaintiff(s)**                 **Attorney(s)**

MUHAMMAD HASSAN A        PRO SE

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
| --- | --- | --- |
| 12/26/2012 | SNEED ANNIE | |
| 12/26/2012 | SNEED JOSEPH | |

## Case Activity

Activity Date: 12/14/2012        Participant: MUHAMMAD HASSAN A

FRAUD COMPLAINT FILED

Court Fee: 337.00
Ad Damnum Amount: 50000.00      Attorney: PRO SE

Activity Date: 12/18/2012        Participant: MUHAMMAD HASSAN A

CASE MANAGEMENT DATE GENERATED

Date: 3/13/2013
Court Time: 0900

Activity Date: 1/2/2013        Participant: SNEED ANNIE



# Cook County
## Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2012-L-013286

Filing Date: 11/26/2012

Division: Law Division

Ad Damnum: $30000.00

Case Type: CONTRACT

District: First Municipal

Calendar: Q

## Party Information

| **Plaintiff(s)** | **Attorney(s)** |
|---|---|
| MUHAMMAD HASSAN A | PRO SE |

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
|---|---|---|
| | AYESH ABD | GARBIS LAW FIRM LLC |
| | | 7101 N CICERO#104 |
| | | LINCOLNWOOD IL, 60712 |
| | | (847) 982-9518 |
| | AYESH BAHIEH | |
| | AYESH JAMIL | |
| | SNEED JOSEPH | |

## Case Activity

Activity Date: 11/26/2012                    Participant: MUHAMMAD HASSAN A

CONTRACT COMPLAINT FILED

Court Fee: 337.00

Ad Damnum Amount: 30000.00

Attorney: PRO SE



## Cook County
## Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2009-L-000395

Filing Date: 1/14/2009
Division: Law Division
Ad Damnum: $210000.00

Case Type: INTENTIONAL TORT
District: First Municipal
Calendar: F

### Party Information

| Plaintiff(s) | Attorney(s) |
| --- | --- |
| MUHAMMAD HASSAN A | PRO SE |

| Date of Service | Defendant(s) | Attorney(s) |
| --- | --- | --- |
| | BEASLEY HELEN | |

### Case Activity

Activity Date: 1/14/2009    Participant: MUHAMMAD HASSAN A

INTENTIONAL TORT COMPLAINT FILED

Court Fee: 319.00
Ad Damnum Amount: 210000.00

Attorney: PRO SE

Activity Date: 1/21/2009    Participant: MUHAMMAD HASSAN A

CASE MANAGEMENT DATE GENERATED

Date: 5/20/2009
Court Time: 0930

Activity Date: 2/6/2009    Participant: BEASLEY HELEN

SUMMONS RETURNED - N.S. REASON: NO CONTACT

Date: 2/5/2009



# Cook County
# Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2009-M1-450389

Filing Date: 6/15/2009

Division: Municipal Division

Ad Damnum: $0.00

Case Type: ADMINISTRATIVE REVIEW/ORDINANCE VIOLATION

District: First Municipal

Calendar:

## Party Information

| **Plaintiff(s)** | **Attorney(s)** |
| --- | --- |
| MUHAMMAD HASSAN | PRO SE |

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
| --- | --- | --- |
| | 300 E 29TH ST | |
| | CITY CHICAGO DEPTM | |

## Case Activity

Activity Date: 6/15/2009     Participant: MUHAMMAD HASSAN

ADMINISTRATIVE REVIEW/ORDINANCE VIOLATION COMPLAINT FILED

Date: 9/14/2009
Court Time: 1030
Court Room: 1111
Court Fee: 317.08

Attorney: PRO SE

Activity Date: 6/15/2009     Participant: CITY CHICAGO DEPTM

CERTIFIED MAIL ISSUED



# Cook County
## Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic, Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2007-L-009068

Filing Date: 8/28/2007
Division: Law Division
Ad Damnum: $1000000.00

Case Type: FRAUD
District: First Municipal
Calendar: T

## Party Information

| **Plaintiff(s)** | **Attorney(s)** |
|---|---|
| MUHAMMAD HASSAN A | PRO SE |

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
|---|---|---|
| | ARGONNE CREDIT UNION | GONZALEZ SAGGIO & HARLAN |
| | | 180 N STETSON#4425 |
| | | CHICAGO IL, 60601 |
| | | (312) 236-0475 |
| | BROWN HELEN | PRO SE |
| | BURRIS CUAUTHOMEC TIM__ | |
| | C CORP II INC | |
| | HOWARD DWAN | |
| | MCLS AUTO ORLAND HILLS | FREEMAN MICHAEL |



Cook County
Clerk of the Circuit Court
Electronic Docket Search
Chancery, Domestic, Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2005-M6-001142

Filing Date: 3/1/2005
Division: Suburban Municipal Division
Ad Damnum: $1400.00

Case Type: JOINT ACTION
District: Markham
Calendar:

## Party Information

### Plaintiff(s)
MUHAMMAD HASSAN

### Attorney(s)
PRO SE

### Date of Service
3/9/2005

### Defendant(s)
JEFFREY JIMMY

### Attorney(s)

## Case Activity

Activity Date: 3/1/2005                    Participant: MUHAMMAD HASSAN

JOINT ACTION COMPLAINT FILED

Date: 3/22/2005
Court Time: 1000
Court Room: 0208
Court Fee: 174.00
Ad Damnum Amount: 1400.00

Attorney: PRO SE
Microfilm: SD000000000

Activity Date: 3/1/2005                    Participant: MUHAMMAD HASSAN

CASE SET ON TRIAL CALL

Date: 3/22/2005
Court Time: 1000
Court Room: 0208

Attorney: PRO SE
Microfilm: SD000000000



## Cook County
## Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2003-M6-002581

Filing Date: 5/29/2003                     Case Type: JOINT ACTION
Division: Suburban Municipal Division      District: Markham
Ad Damnum: $969.00                         Calendar:

### **Party Information**

|  | **Plaintiff(s)** | **Attorney(s)** |
| --- | --- | --- |
|  | MUHAMMAD HASSAN | PRO SE |

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
| --- | --- | --- |
| 6/5/2003 | JONES PATRICE |  |

### **Case Activity**

Activity Date: 5/29/2003                   Participant: MUHAMMAD HASSAN

JOINT ACTION COMPLAINT FILED

Date: 6/12/2003
Court Time: 1000
Court Room: 0207                  Attorney: PRO SE
Court Fee: 171.00                 Microfilm: SD000000000
Ad Damnum Amount: 969.00

Activity Date: 5/29/2003                   Participant: MUHAMMAD HASSAN

CASE SET ON STATUS CALL

Date: 6/12/2003
Court Time: 1000                  Attorney: PRO SE
Court Room: 0207                  Microfilm: SD000000000



# Cook County
## Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2003-M6-000542

Filing Date: 1/28/2003
Division: Suburban Municipal Division
Ad Damnum: $2000.00

Case Type: JOINT ACTION
District: Markham
Calendar:

## Party Information

| Plaintiff(s) | Attorney(s) |
|---|---|
| MUHAMMAD HASSAN | PRO SE |

| Date of Service | Defendant(s) | Attorney(s) |
|---|---|---|
| | WEBB WILLIE | |

## Case Activity

Activity Date: 1/28/2003    Participant: MUHAMMAD HASSAN

### JOINT ACTION COMPLAINT FILED

Date: 2/11/2003
Court Time: 1000
Court Room: 0208
Court Fee: 171.00
Ad Damnum Amount: 2000.00

Attorney: PRO SE
Microfilm: SD000000000

Activity Date: 1/28/2003    Participant: MUHAMMAD HASSAN

### CASE SET ON STATUS CALL

Date: 2/11/2003
Court Time: 1000
Court Room: 0208

Attorney: PRO SE
Microfilm: SD000000000



**Cook County**
**Clerk of the Circuit Court**
**Electronic Docket Search**
Chancery, Domestic/Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2001-M6-006276

Filing Date: 12/12/2001
Division: Suburban Municipal Division
Ad Damnum: $546.00

Case Type: JOINT ACTION
District: Markham
Calendar:

## Party Information

| **Plaintiff(s)** | **Attorney(s)** |
| --- | --- |
| MUHAMMAD HASSAN | PRO SE |

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
| --- | --- | --- |
| 12/19/2001 | JONES PATRICE | |

## Case Activity

Activity Date: 12/12/2001                    Participant: MUHAMMAD HASSAN

JOINT ACTION COMPLAINT FILED

Date: 12/27/2001
Court Time: 0900
Court Room: 0208
Court Fee: 106.00
Ad Damnum Amount: 546.00

Attorney: PRO SE
Microfilm: SD000000000

Activity Date: 12/12/2001                    Participant: MUHAMMAD HASSAN

CASE SET ON STATUS CALL

Date: 12/27/2001
Court Time: 0900
Court Room: 0208

Attorney: PRO SE
Microfilm: SD000000000



Case Information Summary for Case Number
2001-M6-006275

Filing Date: 12/12/2001
Division: Suburban Municipal Division
Ad Damnum: $1750.00

Case Type: JOINT ACTION
District: Markham
Calendar:

## Party Information

**Plaintiff(s)**
MUHAMMAD HASSAN

**Attorney(s)**
PRO SE

**Date of Service**
12/19/2001

**Defendant(s)**
PRAYER LONNICE

**Attorney(s)**

## Case Activity

Activity Date: 12/12/2001                    Participant: MUHAMMAD HASSAN

JOINT ACTION COMPLAINT FILED

Date: 12/27/2001
Court Time: 0900
Court Room: 0207
Court Fee: 106.00
Ad Damnum Amount: 1750.00

Attorney: PRO SE
Microfilm: SD000000000

Activity Date: 12/12/2001                    Participant: MUHAMMAD HASSAN

CASE SET ON STATUS CALL

Date: 12/27/2001
Court Time: 0900
Court Room: 0207

Attorney: PRO SE
Microfilm: SD000000000

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re the matter of

JOSEPH SNEED, Debtor.

HASSAN MUHAMMAD,

Plaintiff,

v.

JOSEPH SNEED,

Defendant.

Case No. 14-01361

Chapter 13

Honorable Timothy A. Barnes

Ct. Room 613

Adversary proceeding No.

**FILED**
FEB 11 2014
KENNETH S. GARDNER, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
PS REP. - LAM/DZ

### VERIFIED ADVERSARY COMPLAINT OBJECTING TO THE DISCHARGE OF DEBT OWED TO THE PLAINTIFF

Now comes Hassan A. Muhammad, a creditor herein, Pro Se, pursuant to 11 U.S.C. § 523(a)(2)(A and B) (1994), 11 U.S.C. § 727 and Bankruptcy Rule 4004(d) and 7001 (4), of the Federal Rules of Bankruptcy Procedure, and asks this Honorable Court to exclude from discharge the defendant's debt owed to the plaintiff. In support thereof, plaintiff respectfully states as follows:

### JURISDICTION

1. This is an adversary proceeding in the debtor's Case No. 14-01361 under Chapter 13 of Title 11 of the United States Bankruptcy Code, now pending in this Court. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. §§ 727, 523 and 365. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and (J) and venue is proper pursuant to 28 U.S.C. § 1409.

### PARTIES

2. Hassan A. Muhammad (hereinafter "Plaintiff"), is an individual who at all times relevant herein has been a resident of the City of Chicago, County of Cook and State of Illinois.

3. Joseph W. Sneed, Jr., (hereinafter "defendant") is an individual who at all times relevant herein has been a resident of the City of Chicago, County of Cook and State of Illinois.

### LEGISLATIVE INTENT

4. The United States Bankruptcy Code authorizes a broad discharge of debts, which provides a fresh start to "honest but unfortunate debtors." Defendant Sneed is not an honest debtor.

### RELEVANT HISTORY

5. On or about date, the plaintiff was demanding defendant Sneed repay debts he owed to the plaintiff. As a result, On November 20, 2012, without notice or warning, defendant Sneed, his agents and employees did, without use of the courts many available remedies, unlawfully locked out and ejected the plaintiffs.

6. On November 20, 2012, Plaintiffs filed a police report, number HV571294 against defendant Sneed, regarding this illegal lock out, see exhibit 1.

7. As a result of this illegal lock out several law suits were filed against defendant Sneed.

8. The defendant's debt to Plaintiff arises from two separate court actions which alleged the defendant through fraud, deceptive practices, unlawful conduct and actions, Plaintiff v. Joseph Sneed and Mother's Touch Home Health, v. Joseph Sneed Case numbers 2012 CH 42455 and 2012-L-066076, respectively, exhibits 2 and 3.

9. Plaintiff v. Joseph Sneed case numbers 2012-L-066076, went to trial on September 24, 2013. After several hours into the trial defendant Sneed proposed a settlement. Defendant Sneed agreed to transfer 50% ownership in a certain property, 4827 S. Ashland in Chicago, to the plaintiff and provide an accounting to the plaintiff, regarding a corporation and business, 4852 S. Ashland, Inc., d/b/a/ Ashland Convenience food and Liquors, in exchange for settlement of the cases filed by the plaintiff, exhibit 4.

10. The plaintiff agreed to the settlement and the defendant's counsel wrote the order of settlement in case number 2012-L-066076 which also required the plaintiff to withdraw three other law suits, case numbers 2012 L 013286, 2013 L 007640 and 2012 CH 42455, and agreeing to binding arbitration conducted by the Honorable Thomas Mulroy, Jr. regarding case number 2012 CH 42455, exhibit 4.

11. Maria Bailey assigned her interest in case number 2012 CH 42455 to the plaintiff allowing Honorable Thomas Mulroy, Jr. to conduct the binding arbitration.

12. On September 30, 2013, the Honorable Thomas Mulroy, Jr. facilitated the negotiated settlement and reduction of plaintiff's $78,000 lien to $60,000 and ordered Joseph W. Sneed liable in the amount of $30,000, exhibit 5.

13. On October 15, 2013, the Honorable Thomas Mulroy, Jr. sanctioned Joseph W. Sneed in the amount of $1,000, for blatantly refusing to follow the settlement agreement contained in the Agreed Order of September 24, 2013, exhibit 6.

14. That November 5, 2013, the Honorable Thomas Mulroy, Jr. found Joseph W. Sneed liable in the amount of $5,219 regarding case number 2012 CH 42455, see exhibit 7.

15. On November 25, 2013, the Honorable Thomas Mulroy, Jr. again, sanctioned Joseph W. Sneed in the amount of $1,000, for blatantly refusing to follow the settlement agreement contained in the Agreed Order of September 24, 2013, exhibit 8.



EXHIBIT 6

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 3 of 65

16. As a result to the combined above listed orders defendant Sneed owes the Plaintiffs $37,219.

17. Defendant Sneed filed his Chapter 13 Bankruptcy petition on January 17, 2014.

18. Plaintiff filed his proof of claim on February 10, 2014, see exhibit 9.

## COUNT I
### MALICIOUS HARM CAUSED BY THE DEFENDANT
The reckless and malicious destruction of the only existing photos of Maria Bailey's deceased children

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as paragraph 19, as though set forth fully herein.

20. On April 10, 1985 Maria Bailey, the wife of the Plaintiff and plaintiff in case number 2012 CH 42455 gave birth to her son. On this day she proudly had pictures taken of her son. Sadly, on April 13, 1985 Mrs. Bailey's son died.

21. On April 27, 1986 Maria Bailey, the wife of the Plaintiff in case number 2012 CH 42455 gave birth to a daughter. The baby was still born. On this day she proudly had pictures taken of her daughter. Sadly Maria's daughter was pronounced a still born birth.

22. The pictures of Maria deceased son and daughter were the only pictures in existence, see exhibit 10.

23. On November 20, 2012, defendant Sneed unlawfully locked out the plaintiff and confiscated the plaintiff's property, including the only photograph of Plaintiff Bailey deceased children.

24. On December 5, 2012, Plaintiff Bailey obtained a temporary restraining order against defendant Sneed, see exhibit 11.

25. On December 5, 2012, Plaintiffs went to the building, whereupon plaintiffs discovered the defendants had broken into and vandalized plaintiff's offices. Plaintiffs then and there learned the only photograph of Plaintiff Bailey deceased children were missing. Plaintiff Bailey immediately filed a report with the Chicago Police department, report number HV591727, attached as exhibit 12.

26. Defendant Sneed knew the photographs of Maria Bailey two deceased children were the only existing photographs of these children and that because they were deceased there could be no possibility of ever replacing the missing pictures.

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 4 of 65

27. In open Court, on September 24, 2013, the defendant, in reference to the photographs, stated, "I threw them out, it was all junk!" Judge Thomas Mulroy immediately commented "that was an awful thing to say!"

28. Plaintiff asks the Honorable Judge Timothy Barnes to note, Judge Thomas Mulroy comments, "the court finds that the loss of Maria Bailey's valuable photographs the only ones that exist of her two deceased children) has a great emotional value which cannot be adequately valued...", see exhibit 7.

29. That defendant Sneed and his agents conduct was illegal look out, eviction and malicious destruction of plaintiff's property and only photos of her deceased children caused the plaintiffs irreparable harm.

30. The debt which defendant Sneed seeks to completely and absolutely discharge resulted from his actions which violated the law, were fraudulent, illegal and malicious. The United States Bankruptcy Codes makes provisions to exclude from discharge debts from debtors such as defendant Sneed, whose debt was specifically derived from illegal, fraudulent and malicious actions.

WHEREFORE, Plaintiff prays for the entry of an order against defendant Sneed as follows:
a). That the Court determine that the debts of defendant are not nondischargeable;
b). Award Plaintiff his costs and fees incurred to in bring this Adversary suit herein;
c). Award Plaintiff 9% interest from the date of inception of the debt;
d). For such other and further relief as this Court deems just and proper.

## COUNT II
### MALICIOUS HARM CAUSED BY THE DEFENDANT
"Your Mother is Dead"

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 above as paragraph 31, as though set forth fully herein.

32. On or about March of 2006, Defendant Sneed, his mother (Arnie Sneed), the plaintiff and the plaintiff's mother met at the home of the plaintiff mother (Aszac Simpson), whereupon a corporation was formed, called the "4852 S. Ashland, Inc." 4852 S. Ashland, Inc., was equally owned 50% interests and shares held by Arnie Sneed, as president and 50% interests and shares held by Aszac Simpson, as vice president, exhibit 19.

33. On September 15, 2010, 4852 S. Ashland, Inc., (the corporation) began doing business as "Ashland Convenience Food and Liquors" at 4852 S. Ashland in the City of Chicago.

34. The Plaintiff worked and provided his labor, every day, with his wages being deferred, from September 15, 2010 through November 20, 2012. The Plaintiff was never compensated for his labor.

35. On February 12, 2011, Aszie Simpson authored and signed her will transferring her interest and shares in 4852 S. Ashland, Inc. to the plaintiff, Hassan A. Muhammad, see exhibit 13.

36. August 10, 2011, Aszie Simpson suffered a "grand mal seizure" whereupon she went into a comma from which she never awoke.

37. On March 13, 2012, Aszie Simpson, the mother of the Plaintiff died, exhibit 14.

38. On or about November 21, 2012, after the defendant's unlawful eviction and ejection, the Plaintiff went seeking entry to the property and was told *"your mother is dead, you don't have anything to do with the building or business, your mother is dead!"*

39. Defendant Sneed has operated 4852 S. Ashland, Inc., *d/b/a* Ashland Convenience food and Liquors since November 21, 2012 and has not given the plaintiff "one penny in compensation."

40. The settlement agreement of September 24, 2013, required defendant Sneed to provide an accounting of 4852 S. Ashland, Inc., *d/b/a* Ashland Convenience food and Liquors for the years 2012 and 2013 and required defendant Sneed to turn over ½ interest in the business to the plaintiff going forward, see exhibit 4.

41. Defendant Sneed, in defiance of the settlement agreement of September 24, 2013, has refused to provide an accounting of 4852 S. Ashland, Inc., *d/b/a* Ashland Convenience food and Liquors for the years 2012 and 2013 and required defendant Sneed to turn over ½ interest in the business to the plaintiff.

42. Defendant Sneed's illegal lock out, eviction and malicious failure to adhere to the settlement agreement of September 24, 2013 demonstrates a continual pattern of fraud, carelessness, callous and malicious disregard for the plaintiffs.

43. The debt which defendant Sneed seeks to completely and absolutely discharge resulted from his actions which violated the law, were fraudulent, illegal and malicious. The United States Bankruptcy Codes makes provisions to exclude from discharge debts from debtors such as defendant Sneed, whose debt was specifically derived from illegal, fraudulent and malicious actions.

WHEREFORE, plaintiff prays for the entry of an order against defendant Sneed as follows:

a). That the Court determine that the debts of defendant are not nondischargeable;

b). Award Plaintiff his costs and fees incurred to bring this Adversary suit herein;

c). Award Plaintiff 9% interest from the date of inception of the debt;

d). For such other and further relief as this Court deems just and proper;

COUNT III
MALICIOUS HARM CAUSED BY THE DEFENDANT
"The Unlawful lock out, eviction and ejection continues"

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 above as paragraph 44, as though set forth fully herein.

45. On December 5, 2012, Circuit Court Judge Hall found the defendant unlawfully locked out and ejected the plaintiffs, exhibit 11.

46. On June 6, 2013, defendant Sneed admitted he unlawfully locked out and ejected the plaintiffs, in violation of the forcible detainer act, exhibit 15.

47. Despite the above order, defendant Sneed and his agents blatantly refused to honor or respect the court's orders recomstituting the calling of the Chicago Police on more than four (4) occasions.

48. Judge Thomas Mulroy's orders of September 24, 2013 and October 15, 2013 affirmed the Plaintiff was a 50% owner of the property and business and that the defendant could not continue their unlawful and malicious lock out of the plaintiff.

49. However, to this very day, the defendant has defiantly maintained his unlawful lock out. The plaintiff's have gone to the property on multiple occasions and were refused entry. Defendant Sneed has still failed to this day to supply keys to the property.

50. Defendant Sneed's illegal lock out, eviction and malicious failure to adhere to the settlement agreement of September 24, 2013 demonstrates a continued pattern of fraud, carelessness, callous and malicious disregard for the plaintiffs.

51. The debt which defendant Sneed seeks to completely and absolutely discharge resulted from his actions which violated the law, were fraudulent, illegal and malicious. The United States Bankruptcy Codes makes provisions to exclude from discharge debts from debtors such as defendant Sneed, whose debt was specifically derived from illegal, fraudulent and malicious actions.

WHEREFORE, Plaintiff prays for the entry of an order against defendant Sneed as follows:

a). That the Court determine that the debts of defendant are not nondischargeable;

b). Award Plaintiff his costs and fees incurred to bring this Adversary suit herein;

c). Award Plaintiff 9% interest from the date of inception of the debt;

d). For such other and further relief as this Court deems just and proper.

COUNT IV
MALICIOUS HARM CAUSED BY THE DEFENDANT

## "Conversion of assets"

52. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 51 above as paragraph 52, as though set forth fully herein.

53. The defendant and his agents have continued business operations of Ashland Convenience Food and Liquors" at 4852 S. Ashland in the City of Chicago, from November 21, 2012 to the present day.

54. Judge Thomas Mulroy's order of September 24, 2013, ordered defendant Sneed to provide the plaintiff with a full and complete accounting of the business from November 21, 2012 to the present day, exhibit 4.

55. Defendant Sneed, in defiance of the settlement agreement of September 24, 2013, has refused to provide an accounting of 4852 S. Ashland, Inc., d/b/a/ Ashland Convenience food and Liquors for the years 2012 and 2013 and required defendant Sneed to turn over ½ interests in the business to the plaintiff.

56. Defendant Sneed's illegal lock out, eviction and malicious failure to adhere to the settlement agreement of September 24, 2013 demonstrates a continued pattern of fraud, carelessness, callous and malicious disregard for the plaintiffs.

57. The debt which defendant Sneed seeks to completely and absolutely discharge resulted from his actions which violated the law, were fraudulent, illegal and malicious. The United States Bankruptcy Codes makes provisions to exclude from discharge debts from debtors such as defendant Sneed, whose debt was specifically derived from illegal, fraudulent and malicious actions.

WHEREFORE, Plaintiff prays for the entry of an order against defendant Sneed as follows:

a) That the Court determine that the debts of defendant are not nondischargeable;
b) Award Plaintiff his costs and fees incurred to bring this Adversary suit herein;
c) Award Plaintiff 9% interest from the date of inception of the debt;
d) For such other and further relief as this Court deems just and proper.

## COUNT V
## DEFENDANT SNEED'S DEBT RESULTED FROM OF HIS UNLAWFUL, WRONGFUL AND MALICIOUS ACTIONS

58. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57 above as paragraph 58, as though set forth fully herein.

59. The debt owed by defendant Sneed was derived from his unlawful actions and conduct. Specifically, On November 20, 2012, defendant Sneed unlawfully evicted and ejected the

7

---

Plaintiff, Maria Bailey and Mother's Touch Home Health from a property commonly known as 4852 S. Ashland in the City of Chicago.

60. On November 20, 2012, defendant Sneed and his agents, using "self help," without any use of the courts and the Courts' readily available remedies and did charged the locks to the property and did eject and lock out the plaintiff from its offices and property.

61. On December 5, 2012, the Circuit Court of Cook County found defendant Sneed, without the Court's many remedies, unlawfully locked out, evicted and ejected the Plaintiff in violation of 765 ILCS 720/1, 735 ILCS 5/6-101, see exhibit 11.

62. On June 6, 2013, defendant Sneed, admitted that he unlawfully and without using the Courts, did evict and eject the Plaintiff in violation of 765 ILCS 720/1, 735 ILCS 5/6-101 and the Forcible Detainer Act, see exhibit 15.

63. On several occasions defendant Sneed when confronted with a Rule to Show Cause, sought an agreed order, which he promptly violated, see exhibits 21 and 22.

64. Defendant Sneed's illegal lock out, eviction and malicious failure to adhere to the settlement agreement of September 24, 2013 demonstrates a continued pattern of fraud, carelessness, callous and malicious disregard for the plaintiffs.

65. The debt which defendant Sneed seeks to completely and absolutely discharge resulted from his actions which violated the law, were fraudulent, illegal and malicious. The United States Bankruptcy Codes makes provisions to exclude from discharge debts from debtors such as defendant Sneed, whose debt was specifically derived from illegal, fraudulent and malicious actions.

WHEREFORE, Plaintiff prays for the entry of an order against defendant Sneed as follows:

a) That the Court determine that the debts of defendant are not nondischargeable;
b) Award Plaintiff his costs and fees incurred to bring this Adversary suit herein;
c) Award Plaintiff 9% interest from the date of inception of the debt;
d) For such other and further relief as this Court deems just and proper.

## COUNT VI
## DEFENDANT SNEED'S DEBT RESULTED FROM OF HIS FRAUDULENT DECEPTIVE AND MALICIOUS ACTIONS

66. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 65 above as paragraph 66, as though set forth fully herein.

67. Plaintiff's complaint contained count III, for fraud and deceptive practices, which was not dismissed by Judge Mulroy on July 9, 2013, see exhibit 16.

8

68. Plaintiff and Defendant Sneed reached a settlement agreement whereby defendant Sneed promised money in exchange for the plaintiff releasing underlying tort claims.

69. Defendant Sneed's debt for money promised in a settlement agreement accompanied by the release of underlying tort claims, amount to a debt for money obtained by fraud within the nondischargeability statute's terms, Archer v. Warner, 123 S.Ct. 1462, 155 L.Ed2 454 (2003).

70. Defendant Sneed's illegal lock out, eviction and malicious failure to adhere to the settlement agreement of September 24, 2013 demonstrates a continued pattern of fraud, carelessness, callous and malicious disregard for the plaintiffs.

71. The debt which defendant Sneed seeks to completely and absolutely discharge resulted from his actions which violated the law, were fraudulent, illegal and malicious. The United States Bankruptcy Codes makes provisions to exclude from discharge debts from debtors such as defendant Sneed, whose debt was specifically derived from illegal, fraudulent and malicious actions.

WHEREFORE, Plaintiff prays for the entry of an order against defendant Sneed as follows:

a). That the Court determine that the debts of defendant are not nondischargeable;
b). Award Plaintiff his costs and fees incurred to bring this Adversary suit herein;
c). Award Plaintiff 9% interest from the date of inception of the debt;
d). For such other and further relief as this Court deems just and proper.

**COUNT VII**
**DEFENDANT SNEED'S DEBT RESULTING FROM COURT FINES ARE NOT DISCHARGEABLE**

72. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71 above as paragraph 72, as though set forth fully herein.

73. On October 15, 2013, the Honorable Thomas Mallory, Jr, sanctioned Joseph W. Sneed in the amount of $1,000, for blatantly refusing to follow the settlement agreement contained in the Agreed Order of September 24, 2013, exhibit 5

74. On November 25, 2013, the Honorable Thomas Mallory, Jr., again, sanctioned Joseph W. Sneed in the amount of $1,000, for blatantly refusing to follow the settlement agreement contained in the Agreed Order of September 24, 2013, exhibit 7

75. Based upon information and belief, the plaintiff does not believe Court fines are dischargeable.

76. The debt which defendant Sneed seeks to completely and absolutely discharge resulted from his actions which violated the law, were fraudulent, illegal and malicious. The United States Bankruptcy Codes makes provisions to exclude from discharge debts from

debtors such as defendant Sneed, whose debt was specifically derived from illegal, fraudulent and malicious actions.

WHEREFORE, Plaintiff prays for the entry of an order against defendant Sneed as follows:

a). That the Court determine that the debts of defendant are not nondischargeable;
b). Award Plaintiff his costs and fees incurred to bring this Adversary suit herein;
c). Award Plaintiff 9% interest from the date of inception of the debt;
d). For such other and further relief as this Court deems just and proper.

**COUNT VIII**
**DEFENDANT SNEED'S DEBT TO THE PLAINTIFF IS A SECURED DEBT**

77. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76 above as paragraph 77, as though set forth fully herein.

78. The defendant's petition for bankruptcy lists the $37,219, debt owed to the plaintiffs as a disputed unsecured debt, see exhibit 20.

79. The debt was the result of an agreed settlement therefore it cannot be a disputed debt.

80. On or about January 18, 2008, plaintiffs recorder a mechanic lien with the Cook county Recorder of Deeds as document number 0801818025, in the amount of $78,000 against 4852 S. Ashland and Joseph Sneed and/ by agreement the dates of expiration of the mechanic' lien was continued beyond June of 2013, see exhibit 17.

81. On September 30, 2013, pursuant to the settlement agreement and negotiations with the assistance of the Honorable Judge Malroy, the plaintiff and defendant confirmed the meclamtic lien and agreed to reduce the mechanic lien from $78,000 to $60,000, with the understanding the defendant was responsible in the amount of $30,000, see attached.

82. Therefore, the $30,000 owed by the defendant was confirmed and secured by a mechanic lien and is therefore a secured lien and therefore cannot be arbitrarily dismissed and discharged.

83. The debt which defendant Sneed seeks to completely and absolutely discharge resulted from his actions which violated the law, were fraudulent, illegal and malicious. The United States Bankruptcy Codes makes provisions to exclude from discharge debts from debtors such as defendant Sneed, whose debt was specifically derived from illegal, fraudulent and malicious actions.

WHEREFORE, Plaintiff prays for the entry of an order against defendant Sneed as follows:

a). That the Court determine that the debts of defendant are not nondischargeable;
b). Award Plaintiff his costs and fees incurred to bring this Adversary suit herein;
c). Award Plaintiff 9% interest from the date of inception of the debt;

d). For such other and further relief as this Court deems just and proper.

## COUNT IX

### FALSE REPRESENTATION

84. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 83 above as paragraph 84, as though set forth fully herein.

85. Paragraphs 84 through 121 below clearly show that defendant Sneed, in his bankruptcy petition knowingly provided false information; knowingly concealed his financial affairs and income; and knowingly provided a false affidavit and swearing thereto, see exhibit 20.

### DEFENDANT SNEED'S BANKRUPTCY PETITION AND STATEMENT OF FINANCIAL AFFAIRS IS FALSE, CONCEALS HIS INCOME AND OMITTED MATERIAL FACTS

86. Defendant Sneed's bankruptcy statement of financial affairs question #1, Defendant Sneed reported no income from employment or operation of business for the years 2013, 2012 or 2011. These answers are false.

87. Defendant Sneed's bankruptcy statement of financial affairs question #1, requires the defendant to identify the source of his income for 2013, 2012 and 2011. Defendant Sneed failed to disclose any source(s).

88. Defendant Sneed's bankruptcy petition failed to disclose any and all licenses, exhibit 20.

89. Defendant Sneed's bankruptcy statement of financial affairs failed to disclose to question 18, nature, location and name of business for the six years immediately preceding the commencement of this chapter 13 petition, and therefore, the debtor failed to keep adequate business records as required.

90. Defendant Sneed's bankruptcy statement of financial affairs, made a part of his bankruptcy petition, is an inaccurate and untruthful document which fails to fully and completely disclose business income and expenses.

### DEFENDANT SNEED CONCEALED HIS BUSINESSES

91. Defendant Sneed was dishonest and intentionally concealed information regarding businesses which he owns. Defendant Sneed listed his businesses as "personal property\", in the personal property section of the petition with a value of only $200 and simultaneously, in the business section, under oath, declared no business interest and concealed his businesses financial information.

### National Security Group

92. Defendant Sneed's Chapter 13 bankruptcy petition does not disclose National Security Group which was incorporation with the Secretary of State on November 29, 2011, with a file number of 68227135.

93. Defendant Sneed's Chapter 13 bankruptcy petition does not disclose that he is the President and Secretary of National Security Group.

94. Defendant Sneed's Chapter 13 bankruptcy petition does not disclose that both he and National Security Group are licensed in the State of Illinois.

95. Defendant Sneed's Chapter 13 bankruptcy petition does not disclose, and in fact conceals his income and/or information regarding his business; National Security Group for the two years immediately preceding January 1, 2013, and therefore, the debtor deliberately lied and withheld financial information and/or failed to keep adequate business records.

96. However, Defendant Sneed failed to provide, pursuant to question 18 on the Statement of Financial Affairs, any financial records and/or information related to Sneed & Associates "within six years immediately preceding the commencement of his Chapter 13 petition.

97. The debtor's concealment of his business interest was done in bad faith.

### SNEED & ASSOCIATES DETECTIVE AGENCY INC.

98. Defendant Sneed's Chapter 13 bankruptcy petition does not disclose Sneed & Associates Detective Agency, Inc. which was incorporation with the Secretary of State on February 28, 2012, with a file number of 68379359.

99. Defendant Sneed's Chapter 13 bankruptcy petition does not disclose that he is the President of Sneed & Associates Detective Agency, Inc.

100. Defendant Sneed's Chapter 13 bankruptcy petition does not disclose that both he and Sneed & Associates Detective Agency, Inc. are licensed in the State of Illinois.

101. Defendant Sneed's Chapter 13 bankruptcy petition does not disclose, and in fact conceals, his income and/or information regarding his business; Sneed & Associates Detective Agency, Inc. for the two years immediately preceding, January 1, 2013, and therefore, the debtor deliberately lied and withheld financial information and/or failed to keep adequate business records.

102. However, Defendant Sneed failed to provide, pursuant to question 18 on the Statement of Financial Affairs, any financial records and/or information related to Sneed & Associates "within six years immediately preceding the commencement of his Chapter 13 petition.

103. The debtor's concealment of his business interests was done in bad faith.

## SNEED & ASSOCIATES

104. Defendant Sneed's Chapter 13 bankruptcy petition does not disclose, and in fact conceals, his income and/or information regarding his business, Sneed Group and/or Sneed & Associates for the two years immediately preceding January 1, 2013, and therefore, the debtor failed to keep adequate business records or deliberately lied and withheld financial information.

105. However, Defendant Sneed failed to provide, pursuant to question 18 on the Statement of Financial Affairs, any financial records and/or information related to Sneed & Associates "within six years immediately preceding the commencement of this Chapter 13 petition.

106. The debtor's concealment of his business interests was done in bad faith.

## DEFENDANT SNEED MADE MATERIAL FALSE STATEMENTS RELATED TO HIS INCOME FOR THE YEARS 2011, 2012 AND 2013

107. Defendant Sneed affirmed under oath in his Chapter 13 petition that he did not have any income whatsoever for the year 2011. Plaintiff's alleged defendant Sneed provided false information to knowingly conceal his financial information.

## 4852 S. ASHLAND

108. Defendant Sneed was dishonest regarding the information he provided, in his Chapter 13 petition, concerning the value of the property located at 4852 S. Ashland in the City of Chicago. Defendant Sneed list the value of his ¾ interest at $500,000 based upon information and belief, defendant Sneed provided knowingly false information.

109. On June 6, 2007, without the property being operational, the property was valued at $325,000, by Allstate Appraisal, see exhibit 18.

110. Defendant Sneed falsely represent that he owes Jamil Ayeesh $250,000 for the property located at 4852 S. Ashland in the City of Chicago. Based upon information and belief, Defendant Sneed provided false information regarding this.

111. Defendant Sneed knowingly conceals that he earns rental income from the property known as 4852 S. Ashland in the City of Chicago.

112. Defendant Sneed knowingly conceals that he earns rental income from the second floor of the property known as 4852 S. Ashland in the City of Chicago. Plaintiff's alleges defendant Sneed provided false information to knowingly conceal his financial information.

113. Based upon information and belief, currently there is a liquor business operating, under whatever license, on the first floor of 4852 S. Ashland in the City of Chicago. This business is generating income and paying a rental to defendant Sneed.

114. Defendant Sneed knowingly conceals that he earns more than $1,500 per month in rent from the first floor of the property known as 4852 S. Ashland in the City of Chicago. Plaintiff's alleges defendant Sneed provided false information to knowingly conceal his financial information.

## GROSS MONTHLY INCOME FROM EMPLOYMENT

115. Defendant Sneed was dishonest regarding the information he provided, in his Chapter 13 petition, concerning his gross monthly income from the City of Chicago. Defendant Sneed falsely reported gross monthly income of $5,200. However, defendant Sneed gross monthly income actually is $6,667.75.

## DEFENDANT SNEED CONCEALED HIS LICENSES

116. Defendant Sneed was dishonest and concealed information regarding licenses which he owns.

## HOUSEHOLD SIZE OF FOUR

117. Based upon information and belief, Defendant Sneed is unmarried and his household size is not 4. Therefore, he was dishonest regarding the information he provided, in his Chapter 13 petition, concerning his household size.

## MANDATORY RETIREMENT CONTRIBUTION

118. Based upon information and belief, Defendant Sneed was dishonest regarding the information he provided, in his Chapter 13 petition, stating his Mandatory retirement contribution is $574.00.

## SISTER'S EXPENSE

119. Based upon information and belief, Defendant Sneed was dishonest regarding the information he provided, in his Chapter 13 petition, concerning his sister's expense, car maintenance of $112 each month. Moreover, this item should be excluded from his petition.

120. Defendant Sneed sister's expense, car maintenance of $112 each month is inappropriately listed in his monthly expenses.

121. Defendant Sneed's Chapter 13 bankruptcy petition concealed and failed to divulge information to which plaintiff was entitled.

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 15 of 65

122.   Paragraphs 83 through 121 above clearly show that defendant Sneed, in his bankruptcy petition knowingly provided false information; knowingly concealed his financial affairs and income; and knowingly provided a false affidavit and swearing thereto, see exhibit 20.

123.   That defendant Sneed' fraudulent concealment of his financial affairs illegal excludes him from receiving the discharge of his debts, which were specifically derived from his illegal and malicious conduct as authorized by the United States Bankruptcy Codes.

124.   The debt which defendant Sneed seeks to completely and absolutely discharge resulted from his actions which violated the law, were fraudulent, illegal and malicious. The United States Bankruptcy Codes makes provisions to exclude from discharge debts from debtors such as defendant Sneed, whose debt was specifically derived from illegal, fraudulent and malicious actions.

WHEREFORE, Plaintiff prays for the entry of an order against defendant Sneed as follows:

a).   That the Court determine that the debts of defendant are not nor-dischargeable;
b).   Award Plaintiff his costs and fees incurred to bring this Adversary suit herein;
c).   Award Plaintiff 9% interest from the date of inception of the debt;
d).   For such other and further relief as this Court deems just and proper.

Respectfully,

*Hassan A. Muhammad*
Hassan A. Muhammad, Pro Se
133 S. Waller
Chicago, Illinois 60644
773-803-9860

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 16 of 65

VERIFIED STATEMENT OF HASSAN A. MUHAMMAD

I, Hassan A. Muhammad, swear that I have first-hand knowledge of the following facts and could competently swear thereto in a court of law:

1.   My name is Hassan A. Muhammad and I the plaintiff in this Adversary Complaint.

2.   I reside in Chicago, Illinois.

3.   That I have knowledge of the allegations alleged in the Adversary Complaint.

4.   That the allegations contained in the instant Adversary Complaint are true and correct.

*Hassan A. Muhammad*
Hassan A. Muhammad
Date  2/11/14

VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the VERIFIED STATEMENT of Hassan A. Muhammad are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned verily believes the same to be true.

*Hassan A. Muhammad*
Hassan A. Muhammad
Date  2/11/14

VICTIM INFORMATION NOTICE / CHICAGO POLICE DEPARTMENT

RD No. HV571294

TO REPORT ADDITIONAL INFORMATION

COPY OF THE REPORT

MAKE THE RIGHT CALL

CHICAGO ALTERNATIVE POLICING STRATEGY (CAPS)

ILLINOIS CRIME VICTIMS NOTIFICATION

AUTOMATED VICTIM NOTIFICATION (AVN)

RECOVERY OF PROPERTY - STOLEN VEHICLE RECOVERED

CREDIT CARDS - CHECKS, LOST OR STOLEN

IMPORTANT: RETAIN THIS NOTICE FOR YOUR PERSONAL RECORDS

**EXHIBIT**

**#1**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – CHANCERY DIVISION**

| | | |
|---|---|---|
| MOTHER'S TOUCH HOME HEALTH, INC. | ) | |
| Plaintiffs, | ) | |
| VS. | ) | Case No. |
| PARK NATIONAL BANK, TRUST # OP13394 | ) | |
| JOSEPH SNEED as Trust Beneficiary | ) | |
| AND UNKNOWN AGENTS, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S VERIFIED COMPLAINT**

NOW COMES The Mother's Touch Home Health, by and through their attorneys, Raymond J. Sanders and states as follows:

**PARTIES**

1. Mother's Touch Home Health, (herein after "Plaintiff") a duly incorporated and qualified to conduct business in the State of Illinois. Maria Bailey is a stock holder, register agent, Secretary and representative of the plaintiff Mother's Touch Home Health, Inc.

2. Defendant Park National Bank, Trust number OP13394 is the owner of property commonly known as 4852 S. Ashland Ave. in the City of Chicago.

3. Defendant Joseph Sneed, Jr., (herein after "Defendant Sneed") is the beneficiary of defendant Park National Bank, Trust number OP13394.

4. Defendant Unknown Agents, (herein after "Defendant Agents") is a resident of the State of Illinois.

**COUNT I**
**ILLEGAL EVICTION AND EJECTMENT**
**In violation of 765 ILCS 720/1, 735 ILCS 5/6-101**

5. On November 18, 2012, the plaintiff held a valid lease to property commonly known as 4852 South Ashland, in the City of Chicago, State of Illinois 60609, and legally described as follows:

6. Plaintiff's lease was signed by defendant Sneed, December 1, 2007, and does not expire until January 1, 2016, exhibit 1.

**EXHIBIT**

**#2**

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 19 of 65

7. On or about November 21, 2012, Maria Bailey went to the property to work and address organizational business matters and found all the locks were changed thereby ejecting and denying the Plaintiff's access to their property and the plaintiffs were unable to gain entry to their offices and property.

8. On or about November 21, 2012, Maria Bailey made several telephone calls to defendant Sneed. Defendant Sneed did not answer.

9. On or about November 21, 2012, the Maria Bailey made telephone text to defendant Sneed stating the plaintiff was illegally locked out and that the plaintiff was going to make a police report. Defendant Sneed did not answer.

10. After waiting for more than an hour, Maria Bailey call 911 emergencies and made a report.

11. After waiting for half hour, the Maria Bailey drove to the City of Chicago Department of Police at 51st and Wentworth and made a police report, see report number # HV571294.

12. On or about November 21, throughout the day, Maria Bailey went to the property and found all the locks were still changed and the plaintiffs were unable to gain entry to their office and property.

13. As of December 1, 2007, the address of 4852 S. Ashland, 2nd floor has been the principal office for Mother's Touch Home Health, Inc.

14. Maria Bailey and other Mother's Touch staff have worked everyday continuously since July 1, 2008.

15. That Mother's Touch Home Health, Inc., had paid all rents due and is in good standing.

16. The plaintiff has business and personal property and documents valued at more than $25,000 at the property.

17. The plaintiff does not know the status of their business, personal property and documents located at the property.

WHEREFORE, Plaintiff's respectfully prays for:

a. An order declaring defendant Sneed and his agents'actions was an illegal eviction;

b. An finding ordering the defendants to immediate provide the plaintiff with unfettered admittance and access



**EXHIBIT**

**2**

---

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 20 of 65

c. An order prohibiting defendant Sneed and his agents from taking any other illegal actions and conduct against the plaintiffs;

d. An order awarding punitive damages in the amount of $10,000;

e. An order awarding attorney's fees;

f. Such other relief this Court finds just.

## COUNT II
### SPECIFIC PERFORMANCE

18. That Plaintiff re-alleges paragraphs one (1) through seventeen (17) of Count I of this Complaint as paragraph 18 of count II of this complaint.

19. That defendant Sneed and/or his agents, without cause, violated the plaintiffs lease.

20. That defendant Sneed and/or his agents locked out and thereby ejected the plaintiffs without a court ordering said ejection.

21. That in reliance upon lease agreement signed by defendant Sneed the plaintiff suffered financial and emotional loss.

Wherefore, the Plaintiff prays:

a. for a finding of liability against defendant Sneed.

b. An order awarding the defendants to fully and completely perform to the terms of the lease agreement;

c. An order awarding punitive damages in the amount of $10,000 against defendant Sneed;

d. An order awarding attorney's fees;

e. Such other relief this Court finds just.

Respectfully,

Raymond Sanders, 55410
1930 West Hubbard
Chicago, Illinois 60612

**EXHIBIT**

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 21 of 65

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION

MOTHER'S TOUCH HOME HEALTH, INC.,

    Plaintiffs,

VS.    Case No.

PARK NATIONAL BANK, TRUST # OP13394
JOSEPH SNEED as Trust Beneficiary
AND UNKNOWN AGENTS,

    Defendants.

## AFFIDAVIT OF MARIA BAILEY

I, Maria Bailey, swear that I have first-hand knowledge of the following facts and could competently swear thereto in a court of law.

1. My name is Maria Bailey. I am a stock holder, register agent, Secretary and representative of the plaintiff Mother's Touch Home Health, Inc.

2. I currently reside in Chicago, Illinois.

3. That I have knowledge of the allegations alleged in the complaint.

4. That I made the phone calls to defendant Sneed and the police report.

5. I have worked at 4852 S. Ashland everyday continuously since July 1, 2008.

6. That the allegations contained in the instant complaint are true and correct.

Date 11-26-12

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the VERIFIED STATEMENT OF Maria Bailey are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned verify believes the same to be true.

Date 11-26-12

Maria Bailey, Secretary
Mother's Touch Home Health

**EXHIBIT #2**

---

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 22 of 65

Served on Dec. 26, 2012

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

HASSAN A. MUHAMMAD,

    Plaintiffs,

VS.    Case No.

JOSEPH SNEED and ANNIE SNEED,

    Defendants.

## PLAINTIFF'S VERIFIED COMPLAINT

NOW COMES HASSAN A. MUHAMMAD, PRO SE, and complains of the Defendants as follows:

## PARTIES

1. Hassan A. Muhammad (herein after, Plaintiff) is an Illinois Residents.

2. Annie Sneed (herein after "Defendant Annie") is a 50% stock holder and president of the defendant 4852 S. Ashland, Inc.

3. Joseph Sneed, Jr. (herein after "Defendant Sneed") is the owner of the property commonly known as 4852 S. Ashland, in the City of Chicago.

## COUNT I
## ILLEGAL EVICTION AND EJECTMENT
## from 4852 S. Ashland, Inc. d/b/a Ashland Convenience Food and Liquors
## In violation of 765 ILCS 720/1, 735 ILCS 5/6-101

4. On November 14, 2005, 4852 S. Ashland, Inc., was incorporated by Annie Sneed and Azzie Simpson. The corporation authorized 100 shares and issued 50 of the 100 shares to Annie Sneed (50%) and issued 50 of the remaining 100 shares (50%) to Azzie Simpson.

5. That a lease agreement was signed by defendant Sneed and 4852 S. Ashland, Inc. on March 16, 2008.

6. That on March 13, 2012, Azzie Simpson died, leaving a will which bequeathed her 50 shares and 50% ownership of the corporation known as 4852 S. Ashland, Inc. to the plaintiff.

7. That defendants Sneed and Annie knew that Ms. Simpson bequeathed her 50 shares and 50% ownership of the corporation known as 4852 S. Ashland, Inc., to the plaintiff

**EXHIBIT #3**

8. Beginning on or about September 23, 2010 and continuing uninterrupted to November 21, 2012, The Plaintiff opened the store at 8 am and worked at the store until 5pm.

9. Beginning on or about December 1, 2007, defendant Sneed claimed ownership and maintained control of the property, 4852 S. Ashland Avenue in the City of Chicago.

10. Beginning on September 23, 2010 and continuing uninterrupted through December 13, 2012, Defendant Sneed managed and worked at the store from 5 pm until 12 midnight.

11. Beginning on December 1, 2007 and continuing through November 21, 2012, the plaintiff had keys to every door in the building and store, access codes to the ADT alarm system and combinations to the safe.

12. From in September 2010 and continuing to November 21, 2012, the Plaintiff was the authorized person for ADT to call when there was an alarm event.

13. The Plaintiff maintained three offices on the second floor of the building and brought in computer equipment and many other items.

14. The plaintiff, in furtherance of the business, brought many personal items, which still remain in the property.

15. Defendant Sneed is a licensed real estate broker. In this role he knows well that it is unlawful to carry out an ejection, lock out or eviction without court approval. Moreover, defendant Sneed has an affirmative duty to prevent and preclude his employees and agents from carrying out unlawful evictions, lockouts and ejections.

16. Defendant Sneed is a supervisor with the City of Chicago's Department of Business Licensing and Consumer Affairs. In this role he knows well that it is unlawful to carry out an ejection, lock out or eviction without court approval. Moreover, defendant Sneed has an affirmative duty to prevent and preclude his employees and agents from carrying out unlawful evictions, lockouts and ejections.

17. On November 21, 2012, the plaintiff went to the property to work and address organizational business matters and found that defendants Sneed and Annie, using "self help," without any use of the courts and the readily available remedies, changed the locks to the property and did eject and lock out the plaintiff.

18. At no time did defendants Annie or Sneed inform the plaintiff that locks were being changed.

19. At no time did defendants Annie or Sneed provide the plaintiff with keys to the locks which were changed.

20. On or about November 21, 2012, plaintiff made a telephone call to defendant Sneed to question the lock out. Defendant Sneed did not answer.

21. On November 21, 2012, the plaintiff made telephone calls and text to defendant Sneed stating the plaintiff was illegally locked out and that the plaintiff was going to make a police report. Defendant Sneed did not answer the phone call or text message.

22. That on November 21, 2012, after waiting for more than an hour, the plaintiff and Maria Bailey call 911 emergencies and made a police report of the lock out.

23. That on November 21, 2012, the plaintiff and Maria Bailey drove to the City of Chicago Department of Police at 51st and Wentworth and made a police report, see report number # HV571294.

24. From November 21, 2012, through December 4, 2012, the plaintiff went to the property and found all the locks were still changed and the plaintiffs were unable to gain entry to their office, store, equipment and property.

25. On November 19, 2012, Defendants Annie stated to the plaintiff that she would close the business since plaintiff mother is deceased.

26. On November 19, 2012, Defendant Sneed stated to the plaintiff that he gave his power of attorney to Margaret Jackson.

27. As of December 5, 2012, defendant Sneed, the lessor has not serves a 5 or 30 days notice, summons or complaint upon the plaintiff.

28. On December 6, 2012, the plaintiff went to the property and found the store open, and locks still changed. The store was being operated by agents and employees of defendants Annie and Sneed. The agents of defendants Sneed and Annie did not allow the plaintiff to have free and unfetter access to the property or his property.

29. The plaintiff has business, personal property and documents valued at more than $50,000 at the property.

30. The plaintiff does not know the status of their business, personal property and documents located at the property.

31. Defendant Annie has no rights to, and has no operating agreement which gives defendant Annie control of Aszie Simpson's 50% shares of 4852 S. Ashland.

32. That in reliance upon the existing corporation structure, existing lease, ongoing daily operations the plaintiff suffered loss of personal property valued in the amount of $50,000.

33. That in reliance upon the existing corporation structure, existing lease, ongoing daily operations the plaintiff suffered loss of business.

34. That in reliance upon the existing corporation, structure, existing lease, ongoing daily operations the plaintiff suffered loss of business inventory valued in the amount of $25,000.

35. That in reliance upon the existing corporation structure, existing lease, ongoing daily operations the plaintiff suffered loss of business equipment valued in the amount of $50,000.

36. By reason of the premises, plaintiff was damaged in the sum of $180,000.

Wherefore, the Plaintiff prays this court enters an order:

a. An order finding liability against defendant Sneed in the amount of $180,000;

b. An order finding liability against defendant Annie in the amount of $180,000;

c. An order finding liability against the store in the amount of $180,000;

d. An order awarding punitive damages in the amount of $500,000, individually and severally against each defendant;

e. Awarding attorney's fees individually and severally against each defendant;

f. An order interest at 9% annually since November 21, 2012, individually and severally against each defendant;

g. An order entering such other relief this Court finds just.

---

**COUNT II**
**ILLEGAL EVICTION AND EJECTMENT**
**from 4852 S. Ashland, second floor**
**In violation of 765 ILCS 720/1, 735 ILCS 5/6-101**

37. That Plaintiff re-alleges paragraphs one (1) through thirty-six (36) of Count I of this Complaint as paragraph 37 of count II of this complaint.

38. The plaintiff maintained offices on the second floor of the building at 4852 S. Ashland.

39. Defendants Annie and Sneed, and/or their agents, without court authorization, did change the locks thereby ejecting, locking out and evicting the plaintiff from the second floor of the building.

40. By reason of the premises, plaintiff has been, and is damaged in the sum of $50,000.

Wherefore, the Plaintiff prays this court enters an order:

a. An order finding liability against defendant Sneed in the amount of $50,000;

b. An order finding liability against defendant Annie in the amount of $50,000;

c. An order finding liability against the store in the amount of $50,000;

d. An order awarding punitive damages in the amount of $100,000, individually and severally against each defendant;

e. Awarding attorney's fees individually and severally against each defendant;

f. An order interest at 9% annually since November 21, 2012, individually and severally against each defendant;

g. An order entering such other relief this Court finds just.

**COUNT III**
**FRAUD AND DECEPTIVE PRACTICE**

41. That Plaintiff re-alleges paragraphs one (1) through forty (40) of Counts I and II of this Complaint as paragraph 41 of count III of this complaint.

42. That defendants Annie and Sneed knew that 50% of the corporation known as 4852 S. Ashland, Inc., was bequeathed to the plaintiff.

43. That defendants Annie and Sneed knew that defendant Annie only owned 50% of the corporation known as 4852 S. Ashland, Inc.

44. That defendants Annie and Sneed encouraged the plaintiff to bring his business and personal property valued at more than $100,000 at the property;

45. Defendant Sneed attested, under oath, that he was the sole owner of the property located at 4852 S. Ashland and that any property brought to the property would be safe and secure.

46. Defendant Annie's unilateral decision to exclude and lock out the plaintiff from the business was fraudulent and deceptive.

47. That plaintiff relied upon defendants Annie and Sneed's statements and did bring personal property valued in the amount of $50,000 to the building and store.

48. The defendants, Annie and Sneed, "Self Help" actions ejecting and locking out the plaintiff, without any use of the courts and the readily available remedies, were unlawful, fraudulent and deceptive.

49. That in reliance upon the existing corporation structure, existing lease, ongoing daily operations the plaintiff suffered loss of business inventory valued in the amount of $25,000.

50. That in reliance upon the existing corporation structure, existing lease, ongoing daily operations the plaintiff suffered loss of business equipment valued in the amount of $50,000.

51. Based upon the fraudulent actions of defendants Sneed and Annie the plaintiff suffered financial loss in the amount of $100,000.

52. By reason of the premises, plaintiff has been, and is damaged in the sum of $100,000.

Wherefore, the Plaintiff prays this court enters an order:

a. An order finding liability against defendant Sneed in the amount of $100,000;

b. An order finding liability against defendant Annie in the amount of $100,000;

c. Awarding punitive damages in the amount of $200,000, individually and severally against each defendant;

d. Awarding attorney's fees individually and severally against each defendant;

e. An order interest at 9% annually since December 1, 2007, individually and severally against each defendant;

f. An order entering such other relief this Court finds just.

## COUNTY IV
## LOSS, DEFERRED AND BACK WAGES

53. That Plaintiff re-alleges paragraphs one (1) through fifty-two (52) of Counts I, II and III of this Complaint as paragraph 53 of count IV of this complaint.

54. In reliance upon the existing corporation structure, existing lease, ongoing daily operations the defendants, Annie and Sneed requested the plaintiff to work and

provide his labor, with wages being deferred, for 4852 S. Ashland, Inc., d/b/a Ashland Convenience Food and Liquors.

55. In reliance upon defendants Annie and Sneed statements the plaintiff did work and provide his labor, with wages being deferred, for 4852 S. Ashland, Inc., d/b/a Ashland Convenience Food and Liquors.

56. In reliance upon defendants Annie and Sneed statements the plaintiff did work and provide his labor, with wages being deferred, for 4852 S. Ashland, Inc., d/b/a Ashland Convenience Food and Liquors, working from 8 am to 5 pm, Mondays through Saturdays and from 10:00 am to 3pm on Sundays from September 15, 2010 to November 21, 2012.

57. The Plaintiff's earned $175,200 in deferred and back wages.

58. That defendant Annie did not and has not compensated the plaintiff for this work and labor, valued at more than $175,200.

59. Defendant Annie owes the plaintiff $175,200 in deferred and back wages.

Wherefore, the Plaintiff prays this court enters an order:

a. An order finding the plaintiff is due compensation for loss and deferred wages;

b. An order finding defendant Annie owes the plaintiff compensation for loss and deferred wages;

c. An order finding liability against defendant Annie for loss and deferred wages in the amount of $175,200;

d. Awarding punitive damages in the amount of $300,000 against defendant Annie;

e. An order awarding attorney's fees against defendant Annie;

f. Award interest at 9% annually since September 15, 2010, against defendant Annie;

g. An order entering such other relief this Court finds just.

## COUNTY V
## PIERCE THE CORPORATE VEIL

60. That Plaintiff re-alleges paragraphs one (1) through fifty-nine (59) of Counts I, II, III and IV of this Complaint as paragraph 60 of count V of this complaint.

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 29 of 65

61.   Based upon defendants Sneed's position with City of Chicago and his professional real estate licenses, his decision and/or failure to prevent the unlawful ejection, lock out and eviction cannot be anything less than arbitrary, wanton, malicious and capricious.

62.   The defendants Sneed and Annie actions person actions and conduct were fraudulent, deceptive and unlawful and pierced the corporate veil.

63.   The defendant Annie actions person actions and conduct, taken without any use of the courts and the readily available remedies, were fraudulent, deceptive and unlawful were not legitimate actions in furtherance of the corporation.

Wherefore, the Plaintiff prays this court enters an order:

a.   An order finding defendant Annie's conduct was without use of the courts and therefore was unlawful.

b.   An order finding defendant Annie's conduct was without use of the courts pierced the corporate veil.

c.   An order finding defendant Annie's personally liable for unlawful actions and conduct alleged in the complaint.

d.   An order awarding punitive damages in the amount of $200,000, against defendant Annie;

e.   An order awarding attorney's fees against defendant Annie;

f.   An order interest at 9% annually since November 21, 2012, against defendant Annie;

g.   An order entering such other relief this Court finds just.

Respectfully Submitted,

_____
Hassan A. Muhammad
133 South Walter
Chicago, Illinois 60044

8

---

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 30 of 65

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

HASSAN A. MUHAMMAD,       )
                          )
            Plaintiffs    )
                          )   Case No.
VS.                       )
                          )
JOSEPH SNEED and ANNIE SNEED,  )
                          )
            Defendants.   )

### VERIFIED STATEMENT OF HASSAN A. MUHAMMAD

I, Hassan A. Muhammad, swear that I have first-hand knowledge of the following facts and could competently swear thereto in a court of law:

1.   My name is Hassan A. Muhammad and I am the plaintiff in this action.

2.   I currently reside in Chicago, Illinois.

3.   That I have knowledge of the allegations alleged in the complaint.

4.   That the allegations contained in the instant complaint are true and correct.

_____          _____
Date                             Hassan A. Muhammad

### VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the VERIFIED STATEMENT of Hassan A. Muhammad are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true.

_____          _____
Date                             Hassan A. Muhammad

9

**ORDER**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

HASSAN A MUHAMMAD

v.

JOSEPH SNEED and ANNIE SNEED

No. 12 L 66076

**EXHIBIT**
**# 4**

AGREED
**ORDER**

This matter coming to be heard on trial; the parties seeking to resolve this matter through settlement

Case No. 12 L 13286 and 13 L 7640

IT IS HEREBY AGREED:

① Hassan Muhammad and Joseph Sneed agree that all pending cases including this one, 2 other matters that Mr. Muhammad has against Sneed, and Mother's Touch v. Sneed Cook County No. 12 CH 42455 shall be dismissed [illegible]

② Muhammad and Sneed will be 50-50 owners in 1855 [illegible] [illegible] [illegible]

③ Muhammad and Sneed will be 50-50 owners in the building located at 1852 S. Ashland, Chicago, Illinois. [illegible]

④ Muhammad and Sneed will be responsible for [illegible] [illegible] of the debt owed to Jamal Aysh for the [illegible] of the building.

⑤ Muhammad and Sneed will be solely responsible each for all utilities [illegible] [illegible] [illegible] taxes, unpaid letters etc.

⑥ Muhammad and Sneed will be both respon. [illegible] for TIB Services [illegible] debt which shall be determined by this Court at a separate hearing.

Atty. No.: 43757

Name: The Garbis Law Firm LLC

Atty. for: Defendants

Address: 7101 N. Cicero #104

City/State/Zip: Lincolnwood IL 60712

Telephone: (847) 982-9518

ENTER:

SEP 24 2013

Judge Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CCG N002-200M-4/23/02 (23350095)

ORIGINAL – COURT FILE

**ORDER**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

HASSAN A. MUHAMMAD

v.

JOSEPH SNEED and ANNIE SNEED

No. 12 L 66076

**EXHIBIT**
**# 5**

**ORDER**

This matter coming to be heard on ~~pre~~ post-trial settlement conference

IT IS HEREBY ORDERED:

① the TIB Services lien on the Property is 4202 reduced to the amount of $60,000 to be payable by Muhammad in the amount of $30,000 and Joseph Sneed in the amount of $30,000.

② Mother's Touch v. Sneed, 12 CH 42455 shall be determined by binding arbitration before 8217 Hon. Thomas R. Mulroy, Jr. on 10/3/13 at 10:30am. Both parties submit to binding arbitration.

Hassan A. Muhammad

Atty. No.: 43757

Name: Garbis Law Firm

Atty. for: Defendants

Address: 7101 N Cicero #104

City/State/Zip: Lincolnwood IL 60712

Telephone: (847) 982-9518

Judge Thomas R. Mulroy, Jr.

SEP 30 2013

Circuit Court-1941

ENTER:

Judge Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CCG N002-200M-4/23/02 (23350095)

ORIGINAL – COURT FILE

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 33 of 65

## ORDER

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_MUHAMMAD_

x

_SNEED & SNEED_

EXHIBIT 6

CONSOLIDATED
No. 12 L 66 076   12 L 1328
13 2 L 76 W   12 CH 42455

### ORDER

Plaintiff's Motion for a Rule to Show Cause,

IT IS HEREBY ORDERED that Joseph Sneed is _required_ sanctioned in the amount of $1,000.00

IT IS FURTHERED ORDERED that the Building located at 4852 S. Ash land shall be made available to Plaintiff within 72 hours Plaintiff shall have open access to the entire Building

IT IS FURTHER ORDERED that Plaintiff's Rule to Show Cause is continued for _ressivirg_ entry of a Rule on October 23, 2013 at 9:30 a.m.; Veron

Atty. No.   47757

Name:   The Gould's Law Firm LLC

Atty. for:   Defendants

Address:   7101 N. Cicero # 404

City/State/Zip:   Lincolnwood IL 60712

Telephone:   (847) 982-9518

_____   Judge
ENTER:
_____   Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

---

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 34 of 65

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

MOTHER'S TOUCH HOME HEALTH, INC.
Plaintiff,

v.

PARK NATIONAL BANK, TRUST #OP13394,
JOSEPH SNEED as Trust Beneficiary, and
UNKNOWN AGENTS,
Defendants.

No.   12 CH 42455

### FINDING

Following a pretrial settlement conference the parties suggested to the Court that they had agreed to dismiss all their pending litigation against one another and asked the court to resolve one final dispute by having the court review the matter and enter a binding, final decision. Pursuant to their "global settlement" the parties agreed that following hearing testimony and reviewing exhibits the court would enter a decision which would be binding and non-appealable, thus ending the litigation between the parties. All the cases were dismissed and then the Court heard both parties testimony and cross examination and received numerous documents into evidence on the one remaining dispute. The parties agreed that the Court should enter a decision on this matter even though plaintiff, a corporation, was not represented by counsel but instead was represented by Joseph Sneed and his wife. There was no objection made to this representation for the purpose of this settlement decision. The decision below resolves the disputes between these parties by their agreement and is binding and non-appealable.

1

EXHIBIT 7

Plaintiff, Mother's Touch Home Health, Inc. is owned by Maria Bailey. Plaintiff claims it was illegal evicted from property which it rented from defendant at 4852 South Ashland, Chicago and that this ejection caused it damages. Maria Bailey is married to Hassan A. Muhammad (Hassan). The parties stipulated in their litigation that Hassan is an owner of the South Ashland Property (the Property). The parties further stipulate that on November 20, 2012, Defendant Joseph Sneed's mother, Annie Sneed, his sisters, and others changed the locks to the Property preventing plaintiff from access.

In 2006 Hassan purchased 50% ownership in the Property from defendant Joseph Sneed (Sneed). Hassan and Sneed were friends and business partners since 1991. They had been involved in many business ventures. Hassan helped Sneed run for elected office. From 1992 until March 2006 Hassan and Sneed had partnered in five properties, sharing ownership. In 2006 Hassan's wife, Maria Bailey, bought 50% interest in the Property from Sneed.

Ms. Bailey established a startup business in the Property in 2007. In November 20, 2012, while defendant was in the hospital and had assigned operation of the Property to his sister by a power of attorney, the locks on the Property were changed and plaintiff was effectively evicted without legal process or notice. As the result of this lock out, plaintiff claims it suffered $109,656 in damages and lost profits, including $50,000 for irreplaceable photographs of Maria Bailey's children and $10,000 for a Samurai sword, both of which were lost during the lockout. Defendant did not dispute these figures with evidence or testimony.

Defendant Sneed testified he knew nothing about the lock out until after the fact because it had been done while he was recuperating in the hospital and admitted it should not have been done. Sneed testified the lockout was done by his sisters and that they claimed plaintiff had not paid certain bills. Sneed was unspecific as to the nature or amount of the bills which his sisters claimed were unpaid. The sisters did not testify. No documentary evidence was produced relating to these bills.

Sneed counterclaimed for $35,000 in unpaid rent from December 2007 until December 2012. No demands for rent were introduced into evidence and Sneed elicited no testimony relating to the past due rent, produced no documents relating to back rent and did not testify to any specific back rent.

Hassan testified he executed a lease, on behalf of Mother's Touch, for the premises in December 2007 wherein Mother's Touch was to pay $50 per month. Hassan testified Mother's Touch always paid its rent. Sneed testified he had never seen the lease which plaintiff relied upon. The defense argued the $50 per month lease was a forgery and that the real lease provided for $700 per month in rent. No evidence was introduced that the lease was forged.

I.   Issue One: The Lease

The court believes Hassan's testimony that the lease plaintiff executed in 2007 was a valid and enforceable lease and bound the parties. The court found no credible

evidence that there was no such lease or that another lease was in effect. There was a failure of proof that this lease was ineffective.

## II.   Issue Two: Wrongful Ejectment

Plaintiff had an enforceable lease and was ejected from the property by defendant Sneed's agents who had his power of attorney and who were his sisters. The court believes that defendant Sneed knew of this ejectment, either at the time or soon after the act, and did nothing to remedy the situation. Consequently defendant Sneed is liable for the damages caused by ejecting this lawful tenant having a valid lease from its business premises.

## III.   Issue Three: Damages for Wrongful Ejectment

The court finds that plaintiff proved it lost $1,351 in business property and further finds the value of the missing items to be believable and reasonable. The court finds the value of the Samurai sword was not adequately proven and awards nothing for that claim. The court finds that the loss of Maria Bailey's valuable photographs has a great emotional value which cannot be adequately valued and finds that plaintiff should recover $1,000 for their loss, realizing that no amount of money can replace these irreplaceable photographs. The court finds that pursuant to the lease, plaintiff is entitled to attorney's fees in connection with this wrongful eviction and further finds that due to the nature, amount of work and reasonable hourly rate for the legal work done, the amount of reasonable attorney's fees to be $2,868. The court finds plaintiff failed to adequately prove its lost profits ($20,000) and its money paid out ($20,477).

Although there was testimony as to these items, the court was not convinced by a preponderance of the evidence as to their value and finds a lack of evidence as to these damage amounts.

## IV.   Issue Four: The Counterclaim for Back Rent

The court believes the testimony of Hassan and finds that no back rent is owed.

## Conclusion

Therefore by agreement of the parties pursuant to a binding settlement agreement the following decision is final and binding from which no appeal may be taken and which may not be relitigated in another court.

The decision, after hearing from the parties, reviewing the evidence, reading the case law and precedents, considering the credibility of the witnesses and examining the pleadings is that defendant Sneed will pay plaintiff $5,219 and defendant is entitled to no recovery on his counterclaim.

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 39 of 65

**ORDER**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

HASSAN MUHAMMAD

       v.

SNEED of SNEED

Consolidated
No. 13 6 0076, 12 L 13286,
12 M 76'10, 12 CH 42155

**ORDER**

**EXHIBIT**
**8**

This matter coming to be heard on
plaintiffs motion for a Rule to Show Cause.
It is hereby ordered that Joseph Sneed
is sanctioned in the amount of $1,000.00
payable immediately to Plaintiff.

ENTER: _____

           Judge        Judge's No.

Atty. No. : _____
Name : HASSAN A. MUHAMMAD
Atty. for : PRO SE
Address : 133 S. WALLER
City/State/Zip : Chicago, IL 60644
Telephone : _____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CCG N002-300M-4/25/02 (2835D[CIS])

---

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 40 of 65

Exhibit 1 of 2

**PROOF OF CLAIM**

UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS

Northern District of Illinois

Name of Debtor:
JOSEPH W. SNEED, JR.

Case Number:
14-01301

FILED
FEB 1 8 2014
KENNETH S. GARDNER, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
HASSAN MUHAMMAD

Name and address where notices should be sent:
HASSAN MUHAMMAD
133 S. WALLER
CHGO, ILLINOIS 60644
Telephone number: (773) 803-6800   email: Hassan404@aol.com

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ COURT USE ONLY
☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____
(if known)
Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:   $    38,768.26

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:   JUDGMENT
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:
☐ ☐ 8 5

3a. Debtor may have scheduled account as:
(See instruction #3a)

3b. Uniform Claim Identifier (optional):

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe: 4852 S. ASHLAND. CHICAGO, ILLINOIS 60609

Value of Property: $ 325,000.00

Annual Interest Rate 9.00% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$    38,768.26

Basis for perfection:

Amount of Secured Claim: $    38,768.26
Amount Unsecured: $    0.00

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

Amount entitled to priority:
$ _____

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 42 of 65

## EXHIBIT 10

### AFFIDAVIT OF MARIA BAILEY

1, Maria Bailey, swear under the penalty of perjury that the following facts are true and correct:

1. My name is Maria Bailey, the facts contained in the instant Adversary Complaint related to my children and their photographs are true and correct and if called upon, I will testify thereto in a court of law.

2. I currently reside in Chicago, Illinois.

3. That I have knowledge of the allegations alleged in the Adversary Complaint.

4. That the allegations contained in the instant complaint are true and correct.

_____
Maria Bailey

### VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the VERIFIED STATEMENT of Maria Bailey are true and correct, and except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verify believes the same to be true.

_____
Maria Bailey

2-11-2014
Date

16

**First document (top)**

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 43 of 65

Order

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT—CHANCERY DIVISION

(2/24/05) CCG No.

MOTHERS TOUCH HOME HEALTH, INC.
PLAINTIFF

v.

PARK NATIONAL BANK TRUST #9123P04
JOSEPH SWEED AS TRUST BENEFICIARY
AND UNKNOWN AGENTS

DEFENDANTS

No. 12 CH 424455

TEMPORARY RESTRAINING ORDER

THIS CAUSE COMING ON POFER

TEMPORARY RESTRAINING ORDER AGAINST DEFENDANT JOSEPH SWEED, HIS
WITH ATTORNEY RAYMOND SANDERS FOR PLAINTIFF AND PLAINTIFFS
OFFICER MAUA BAILEY BY BENG PRESENT BUT NO ONE FROM
DEFENDANT BEING PRESENT DESPITE TELEPHONE CALLS
TO DEFENDANT SWEED ADVISING OF THE HEARING ON THE
TRO MOTION AND THE COURT BEING ADVISED IN
THE PREMISES BY PLAINTIFF'S DOCUMENTATION AND
TESTIMONY.

IT IS ORDERED THAT A TEMPORARY
RESTRAINING ORDER BE ISSUED AGAINST
ALL THE DEFENDANTS IN ACCORDANCE
WITH THE FOLLOWING TERMS:

EXHIBIT
11

Atty. No.: 53410
Name: RAYMOND J SANDERS
Atty. for: PLAINTIFF
Address: 1930 W. HUBBARD
City/State/Zip: CHICAGO, IL 60612
Telephone: 847-530-3726

Dated:

ENTERED:

Judge

Judge's No.

PAGE 1 OF 1X PAGES

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White 1. ORIGINAL - COURT FILE Canary 2. COPY Pink 3. COPY

---

**Second document (bottom)**

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 44 of 65

Order

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(Rev. 9/13/00) CCG 0002

MOTHERS TOUCH HOME HEALTH, INC.

v.

PARK NATIONAL BANK TRUST #9123P04
JOSEPH SWEED SWEED (SIC) AND
UNKNOWN AGENTS

No. 12 CH 424455

TEMPORARY RESTRAINING
ORDER

1) THE DEFENDANTS ARE FOUND TO HAVE UNLAWFULLY
LOCKED OUT PLAINTIFF FROM THE PREMISIS AT
4853 SOUTH ASHLAND, CHICAGO, IL 60609 CONTRARY
TO PLAINTIFF'S LONG STANDING POSSESSION AS A
TENANT AS SPELLED OUT IN THE VERIFIED COMPLAINT

2) PLAINTIFF'S TENANT'S BUSINESS OPERATION HAS
BEEN INTERRUPTED AND ORIGINAL PERSONAL,
PRIVATE AND HIPPA PRIVILEGED MEDICAL RECORDS,
EMPLOYMENT RECORDS ARE AT RISK OF BEING
COMPROMISED AND/OR DESTROYED, THEREBY
CAUSING IRREPARABLE HARM AND INJURY, TO
PATIENTS CARE.

3) PLAINTIFF IS IN NEED OF IMMEDIATE
PROTECTION AND WILL BE IRREPARABLY
HARMED OR INJURED WITHOUT THE COURTS
PREMISES BEING INJURED WITHOUT THE COURTS
PREMISES.

EXHIBIT
11

Atty. No.: 53410
Name: RAYMOND J SANDERS
Atty. for: PLAINTIFF
Address: 1930 W. HUBBARD, 2nd Flr
City/State/Zip: CHICAGO, IL 60612
Telephone: 847-530-3726

ENTERED:

Judge

Judge's No.

PAGE 20 OF 2X PAGES

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 45 of 65

(Rev. 9/13/04) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Motherboard Park National Health
v.
Park National Bank

No. 12 CH 24455

**EXHIBIT 11**

TEMPORARY RESTRAINING ORDER

**ORDER**

1) THE COURT FINDS IT HAS SUBJECT MATTER AND THEN JURISDICTION OVER THE PARTIES AND THE SUBJECT MATTER AND THAT PLAINTIFF NEEDS IMMEDIATE PROTECTION TO MAINTAIN THE STATUS QUO UNTIL ACCOUNTING OF ALL ASSETS IS MADE

2) JOSEPH (W SWEED) AND HIS AGENTS AND EMPLOYEES ARE TO RETURN POSSESSION TO PLAINTIFF IN THE SAME CONDITION THEY FOUND IT

3) THE COURT DETERMINED THAT THE PLAINTIFF HAS A VERY HIGH LIKELY HOOD OF SUCCESS ON THE MERITS & BECAUSE OF THE SELF HELP TAKEN BY THE DEFENDANT WITHOUT ANY USE

4) THE COURTS AND THIS READ UP AVAILABLE REMEDIES.

5) THIS ORDER SHALL CONTINUE UNTIL FURTHER ORDER OF COURT AND SHALL BE EFFECTIVE IMMEDIATELY WITHOUT BOND, THERE BEING NO ADEQUATE REMEDY AT LAW.

7) Case is subject to this November 20, 2012 9:30.

INTERED
JUDGE SOPHIA H. HALL 0102

DEC -5 2012

Atty. No.: 53412
Name: Raynard J Sanders
Atty. for: Plaintiff
Address: 1730 W. HUBBARD Suite
City/State/Zip: Chicago, IL 60612
Telephone: 847-530-3734

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
PAGE 3 OF 3 PAGES

Judge

Judge's No.

---

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 46 of 65

**LAST WILL AND TESTAMENT**
**OF**
**ASZIE SIMPSON**

I, Aszie Simpson, of Chicago, Illinois, revoke my former Wills and Codicils and declare this to be my Last Will and Testament.

**ARTICLE I**
**IDENTIFICATION OF FAMILY**

The names of my children are Winnie Pettis, Dorothy Jones, Mozell Lenon, Biff Madden, Jr., Hassen Mohammed and Linda Brown.

**ARTICLE II**
**DISPOSITION OF PROPERTY**

A. Specific Bequests. I direct that the following specific bequests be made from my estate.

1. My remaining tangible personal property shall be distributed by Dorothy Jones; and

2. My jewelry shall be divided between my daughters; and

3. My television set shall be given to Linda Brown; and

4. My furniture shall be divided between my sons; and

5. My shares, property and all interests of, to and in, the corporation known as 4852 S. Ashland, Inc. shall be distributed to Hassen A. Mohammed; and

6. My clothing shall be donated to Concerned Citizens, Inc.

IN WITNESS WHEREOF, I have subscribed my name below, this 12th day of February, 2011.

Testator Signature: _Aszie Simpson_
Aszie Simpson

Pi

**EXHIBIT 13**

Case 14-00098 Doc 1 Filed 02/11/14 Entered 02/11/14 14:43:41 Desc Main
Document Page 47 of 65

We, the undersigned, hereby certify that the above instrument, which consists of three (3) pages, including the page(s) which contain the witness signatures, was signed in our sight and presence by Azzie Simpson (the "Testator"), who declared this instrument to be her Last Will and Testament and we, at the Testator's request and in the Testator's sight and presence, and in the sight and presence of each other, do hereby subscribe our names as witnesses on the date shown above.

Witness Signature:
Queen Edwards of Belleville, Illinois

Witness Signature:
Alice Jackson of Chicago, Illinois

P/.

**EXHIBIT**

---

Case 14-00098 Doc 1 Filed 02/11/14 Entered 02/11/14 14:43:41 Desc Main
Document Page 48 of 65

**AFFIDAVIT**

I, Azzie Simpson, the Testator, sign my name to this instrument this 12th day of February, 2011, and being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument as my Will and that I sign it willingly, in the presence of the undersigned witnesses, that I execute it as my free and voluntary act for the purposes expressed in the Will, and that I am eighteen years of age or older, of sound mind, and under no constraint or undue influence.

Testator Signature:
Azzie Simpson

We, Queen Edwards and Alice Jackson the witnesses, sign our names to this instrument, being first duly sworn, and do hereby declare to the undersigned authority that the Testator signs and executes this instrument as the Testator's will and that the Testator signs it willingly in our presence, and that the Testator acknowledges it as the Testator's free and voluntary act for the purposes expressed in the will, and that each of us, in the presence and hearing of the Testator, at the Testator's request, and in the presence of each other, hereby signs this will, on the date of the instrument, as witness to the Testator signing, and that to the best of our knowledge the Testator is eighteen years of age or older, of sound mind and memory, and under no constraint or undue influence, and the witnesses are of adult age and otherwise competent to be witnesses.

Witness Signature:
Queen Edwards of Belleville, Illinois

Witness Signature:
Alice Jackson of Chicago, Illinois

STATE OF ILLINOIS
COUNTY OF COOK

Subscribed, sworn to and acknowledged before me by Azzie Simpson, the Testator, and subscribed and sworn to before me by Queen Edwards and Alice Jackson witnesses, this 12ᵗʰ day of February, 2011.

Notary public

P/...

**EXHIBIT**

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 49 of 65

**EXHIBIT 14**

COOK COUNTY
CLERK OF CIRCUIT RECORDS
CHICAGO, ILLINOIS
MEDICAL CERTIFICATE OF DEATH

This is to Certify that this is a true and correct copy from the original record filed with the Illinois Department of Public Health

---

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 50 of 65

**EXHIBIT 15**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-- CHANCERY DIVISION

Mother's, TOUCH Home
HEALTH, INC

v.

PAR NATIONAL TRUST
# 0913941 and JOSEPH
PRESS

No. 12 CH 43455

Calendar 12

ENTERED
JUDGE Sophia H. Hall

JUN 06 2013

CASE MANAGEMENT ORDER

This cause coming to be heard on the Status/Case Management Call, IT IS HEREBY ORDERED:

1. Written fact discovery to be completed by _Septenber-16, 2013_ ................... 4296

2. Oral fact discovery to be completed by _October 16, 2013_ ........................... 4296

3. Rule 213 (f) Interrogatories to be propounded by _July 16, 2013_ ................... 4286

   Defendant to answer Rule 213 (f) interrogatories by _____ ............. 4234

   Plaintiffs to answer Rule 213 (f) interrogatories by _____ ............. 4234

   Defendants Rule 213 (h)(2)-(3) expert witnesses to be disposed by _____ .......... 4218

4. Case is set for further Status/Case Management on July 16, 2013, 9:30am ....... 4218

5. Defendants admit Plaintiffs bona fide self-help steps to evict
   Plaintiff in violation of Berwille Defainer Act 440365/9/16.

Atty. No.: 49757

Atty. Name: Gardi's Law Firm LLC ?

Firm Name: Don Gardis

Attorney for: Defendants

Address: 7101 W. Cicero #101

City: Bridgeview, IL 60455

Telephone: (847) 983-75-18

6. The only remaining issue on Plaintiff's employ-
   ment issue, which lease applies in order
   to calculate damages.

7. Defendants counterclaim is
   probably pleas and therefore Plaintiffs
   motion to strike is denied

ENTER:

_(signature)_   6/6/13
Judge Sophia H. Hall

8. Plaintiff's motion for summary judgment is denied
   without prejudice. Plaintiff may file motion for summary
   judgment on the validity of the notice based on
   the July 20/13 motion for rule is continued to
   July 16, 2013.

9.

## Left Document

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 51 of 65

ORDER

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

HASAN J. MUHAMMAD

*

JOSEPH SNEED and ANNIE SNEED

No. 12 L 66076

ORDER

This matter coming to be heard on Defendant's motion to Dismiss and Plaintiff's motion for TRO, both parties present

IT IS HEREBY ORDERED that: (1) Count IV is dismissed (2) the Attorney's fees/punitive damages motion for Counts I and II, (3) the motion for TRO is denied, (4) Defendant's motion to Dismiss is denied other than dismissing Count IV and striking attorney's fees and punitive damages (5) Dismissed to commence by July 23, 2013 and (6) completed by August 8, 2013, (7) this matter is set for status on August 9, 2013 at 9:30 am in room 2207

ENTER:

Judge Thomas R. Mulroy, Jr.
JUL 09 2013
Circuit Court-1941

Judge

Judge's No.

Atty. No.: 43757
Name: Earl's Law Firm
Atty. for: Defendant
Address: 7101 N. Cicero #104
City/State/Zip: Lincolnwood, IL 60712
Telephone: (847) 982-9518

DOROTHY BROWN, CLERK
COUNTY, ILLINOIS
CCG 0002-300M-4/23/01 (2356000B)

EXHIBIT 16

## Right Document

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 52 of 65

### TIB SERVICES INC.

4710 Lincoln Hwy #141
Matteson, Il 60443
(708) 932-2436

Claim by Contractor- Lien Claimed for
Value of Materials Furnished, Preservation and labor Performed

To:
Joseph W. Sneed
2345 W. Maypole
Chicago, Illinois 60612
312-719-2006

Location of service: Joseph W. Sneed
4802 S. Ashland
Chicago, Illinois 60609
312-719-2006

1. Notice is hereby given that TIB Services, Inc. by and through its President Maria Bailey claims a lien against Mr. Joseph W. Sneed owner of real property, on the real property for the sum of $78,800.00 the value and the agreed price of labor performed, materials furnished and tools used for the preservation of the property.

2. The labor was performed and the materials were furnished with the knowledge and consent, and at the request, of the owner of the property.

3. The interest of the owner in the real property, as the as known to lien claimant, is Mr. Joseph W. Sneed and ownership in fee simple. The name of the person who lien claimant furnished such labor and materials is Mr. Joseph W. Sneed. The property is to wit:

LOT 22 IN BLOCK 1 IN RILEY'S SUBDIVISION OF BLOCK 24 IN STONE AND WHITNEY'S SUBDIVISION IN SECTION 6 AND 7, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN (EXCEPT THAT PART OF SAID LOT 22 LYING EAST OF A LINE 50 FEET WEST OF AND PARALLEL WITH THE EAST LINE OF SAID SECTION 7 IN COOK COUNTY, ILLINOIS.

PLAT NO.   0051816.0
PIN No.:   20-07-215-038-0000

4. The name of the person by whom lien claimant was employed and to whom lien claimant furnished such labor and materials is Mr. Joseph W. Sneed. Claimant TIB Services, Inc. is a contractor who, on or about August 2, 2006 entered into written contract with Mr. Joseph W. Sneed the owner(s) of the real property, in which contract lien claimant agreed to sell surplus materials, furnish labor and materials for

EXHIBIT 17

33

rehabilitation and preservation of property located at 4852 S. Ashland Chicago, Illinois 60609 for the sum of $78,800.00.

5.    On March 15, 2007 Claimant entered a contract with owner, Joseph W. Speed. The contract considerations included two (2) provisions; provision #1) the claimant sold Joseph W. Speed, Jr. $17,000 in construction materials to be used at the subject property. Said materials consisted of; dry wall, doors, conduit, plumbing supplies, paint, and lumber and provision #2) the claimant and Joseph Speed contracting for THB Services, Inc. to perform labor in the amount of $34,100 at the subject property.

6.    On December 27, 2007, Claimant entered into a second contract with owner, Joseph W. Speed. The claimant THB Services, Inc. contracted with owner Joseph Speed to perform additional labor in the amount of $27,700 at the subject property.

7.    In the performance of the contract, lien claimant furnished all materials required to be furnished, under the contract.

8.    All the labor for the work performed and materials required to be furnished for the work done was done in a satisfactory and workmanlike manner.

8.    The first item of work was furnished on or about March 15, 2007.

9.    The first items of work were furnished on or about March 15, 2007.

10.    The last item of materials was furnished in January 15, 2008.

11.    The last item of work was performed in January 15, 2008.

11.    The real property subject to such lien where the services were performed and materials furnished on March 15, 2007 through January 15, 2008.

Attached
PIN 20-07-215-038-0000
Address: 4852 S. Ashland Chicago, Illinois 60609

Signed:
Dated: 1-16-08

EXHIBIT 17

34

## Verification

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned, Meria Bailey, president of THB Services, Inc, certifies that the statement set forth in this Claim are true and correct, except as to matters therein stated to be on information and belief and as such matters the undersigned as aforesaid the he/she verily believe the same to be true.

Given under my name and official Seal this 16th day of January 2008

NOTARY PUBLIC

My commission expires:

STEPHANIE DIXON
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
July 14, 2008

EXHIBIT 17



**SUMMARY APPRAISAL REPORT**
ON
A MIXED USE PROPERTY
4852 S. ASHLAND AVENUE
CHICAGO, ILLINOIS 60609-4233

**EXHIBIT**
# 18

July 3, 2007

Mr. Jeffrey J. Davenport
JNL Financial
1431 Opus Place #410
Downers Grove, Illinois 60515

Re:    A Mixed Use Building
4852 S. Ashland Avenue
Chicago, Illinois 60609-4233

Dear Mr. Davenport:

In accordance with your request, we have completed an exterior inspection of the above captioned property on June 9, 2007 for the purpose of estimating the Market Value of the Fee Simple Interest "as renovated per plans and specifications " with an estimated date of completion of October 1, 2007.

It should be clearly understood that this summary report constitutes a complete appraisal, in a Summary Report format, consisting of a statement of the final value estimate and a summary of the most pertinent market data considered in our analysis. This report is not to be construed as a self-contained report.

This Summary Appraisal Report is intended to comply with the reporting requirements set forth under Standard Rule 2-2(b) of the Uniform Standards of Professional Appraisal Practice for a Summary Appraisal Report. The report will be made to conform to the OCC appraisal standards, and the Code of Professional Ethics and Standards of Professional Practice of the Appraisal Institute.

The subject property has been appraised utilizing appropriate appraisal methodology--The self-contained report, which includes descriptions of the property (legal and physical), the neighborhood conditions; is only summarized herein. and Highest and Best Use analysis, approaches to value, certification, assumptions and limiting

This report, the attached certification, general assumptions and limiting conditions set forth all of the limiting conditions imposed by the terms of the assignment or by the undersigned) effecting the analysis, opinions and conclusions.

**EXHIBIT**
# 18

Mr. Jeffrey L. Davenport
JNL Financial
Page 2

We have carefully inspected the subject property and have made a thorough investigation and analysis of current market and economic factors in order to arrive at a sound opinion of market value.

The subject property consists of an approximate 103+/- year old, 4, 172+/- square foot, two-story, masonry constructed, over a full basement building situated on a rectangular shaped, interior parcel which contains approximately 2,980+/- square feet of land in area or .068 acres, more or less. The subject property is legal conforming site situated on a 2,819+/- square foot site zoned B3-2 "Community Shopping District" by the City of Chicago.

At the time of inspection, the subject property has substantial interior deferred maintenance which is scheduled to be renovated.

With due consideration given to the traditional and recognized approaches to estimating market value and after adjusting for differences which influence value, we estimate the Market Value in Fee Simple of the subject, "as renovated per plans and specifications" with an estimated date-of-completion of October 1, 2007.

THREE HUNDRED TWENTY FIVE-THOUSAND DOLLARS
$325,000

* The value reported herein is expressly conditioned that the subject property is renovated as planned with the first floor as a liquor store and the second floor fully renovated and utilized.

Respectfully submitted,
ALLSTATE APPRAISAL, L.P.

Paul Foxgrover
Filed Appraiser
State Certified General Appraiser
IL Lic #: 153.000.1450

Steven S. Albert, MAI, SRA
Review Appraiser
State Certified General Appraiser
IL Lic #: 153.0000218

**EXHIBIT**

#19

FORM BCA 2.10 (rev. Dec. 2006)
ARTICLES OF INCORPORATION
Business Corporation Act

Jesse White, Secretary of State
Department of Business Services
Springfield, IL 62756
217-782-6961
217-782-6982
www.cyberdriveillinois.com

Filing Fee: $150   Franchise Tax $...   Total $   375.00   File #   6524-564-7   Approved:   JR

Secretary of State   Jesse White   Filed: 11/14/2006

CPX468853

**EXHIBIT**

#19

Submit in duplicate — Type or Print clearly in black ink — Do not write above this line —

1. Corporate Name: ___4852 S. Ashland, Inc.___

The afficial name must contain the word "corporation," "company," "incorporated," "limited" or an abbreviation thereof.

2. Initial Registered Agent:

| First Name | Middle Initial | Last Name |
|---|---|---|
| Archie | | IL |

Initial Registered Office:

| Number | Street | Suite No. (P.O. Box alone is unacceptable) |
|---|---|---|
| 4852 | S. Ashland | |

| City | ZIP Code | County |
|---|---|---|
| Chicago | 60609 | Cook |

3. Purpose(s) for which the corporation is organized:
(if more space is needed, attach additional 8 1/2" x 11" sheets)

044

For the sale of food, liquor, tobacco, beverages and the like, and to engage in any lawful act or activity for which a corporation may be organized, and to engage in any transaction which is permitted to any business under the Illinois Business Corporation Act of 1983, as amended.

4. Paragraph 1 — Authorized Shares, Issued Shares and Consideration Received:

| Class | Number of Shares Authorized | Number of Shares Proposed to be Issued | Consideration to be Received Therefor |
|---|---|---|---|
| Common | 1000 | 100 | $ 1,000.00 |
| | | | |
| | | | |
| | | | |
| | | | TOTAL = $ 1,000.00 |

Paragraph 2 — The preferences, qualifications, limitations, restrictions and special rights in respect of the shares of each class are:
(If more space is needed, attach additional 8 1/2" x 11" sheets).

(cont. on back)

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 59 of 65

**EXHIBIT**

# 19

ITEMS 5, 6 AND 7 ARE OPTIONAL

5. a. Number of Directors constituting the initial board of directors of the corporation:
   b. Names and Addresses of persons serving as directors until the first annual meeting of shareholders or until their successors are elected and qualify:

   Name                          Address                          City, State, ZIP

6. a. It is estimated that the value of the property to be owned by the corporation for the following year wherever located will be:                          $
   b. It is estimated that the value of the property to be located within the State of Illinois during the following year will be:                          $
   c. It is estimated that the gross amount of business that will be transacted by the corporation during the following year will be:                          $
   d. It is estimated that the gross amount of business that will be transacted from places of business in the State of Illinois during the following year will be:                          $

7. Other Provisions. Attach a separate 8 ½" x 11" sheet for any other provision to be included in the Articles of Incorporation (e.g., authorizing preemptive rights, denying cumulative voting, regulating internal affairs, voting majority requirements, fixing a duration other than perpetual, etc.).

8. The undersigned incorporator(s) hereby declare(s), under penalties of perjury, that the statements made in the foregoing Articles of Incorporation are true.

   Dated   October 23                          2005
           Month & Day                          Year

   NAME(S) & ADDRESS(ES) OF INCORPORATOR(S)

   Signature and Name                          Address

1. _[signature]_                          1.   2343 West Maypole Av.
   Signature                               Street
   Annie M. Snead                          Chicago          IL          60612
   Name (type or print)                    City/Town        State       ZIP Code

2. _[signature]_                          2.   138 South Waller Av.
   Signature                               Street
   Annie Simpson                          Chicago          IL          60644
   Name (type or print)                    City/Town        State       ZIP Code

3. _[signature]_                          3.
   Signature                               Street
   Name (type or print)                    City/Town        State       ZIP Code

Signatures must be in BLACK INK on an original document. Carbon copy, photocopy or rubber stamp signatures may only be used on conformed copies.

NOTE: If a corporation acts as incorporator, the name of the corporation and the state of incorporation shall be shown and the execution shall be by a duly authorized corporate officer. Type or print officer's name and title beneath signature.

Note 1 — Fee Schedule:
• The initial franchise tax is assessed at the rate of 15/100 of 1 percent ($1.50 per $1,000) on the paid-in capital represented in this state. (The minimum initial franchise tax is $25.)
• The filing fee is $150.
• The minimum total due (franchise tax + filing fee) is $175.

Note 2 — Return to:
   4822 S. Ashland, Inc.
   Annie Snead          Firm name
                        Attention
   4822 S. Ashland Av.
                        Mailing Address
   Chicago, IL 60609
   City, State, ZIP Code

---

Case 14-00098   Doc 1   Filed 02/11/14   Entered 02/11/14 14:43:41   Desc Main
Document   Page 60 of 65

B1 (Official Form 1) (04/13)          Case 14-01361   Doc 1   Filed 01/27/14   Entered 01/27/14 11:11:25   Desc Main
Voluntary Petition                    Document   Page 3 of 36
(This page must be completed and filed in every case)          Name of Debtor(s):   Joseph W Snead          Page

Signatures

Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Joseph W Snead
   Signature of Debtor
   Joseph W Snead

X
   Signature of Joint Debtor

   Telephone Number (if not represented by attorney)
   9/17/2014
   Date

X  /s/ Robert J. Adams & Associates
   Signature of Attorney*

   Robert J. Adams & Associates          Bar No. 0613095
   Printed Name of Attorney for Debtor(s) / Bar No.
   Robert J. Adams & Assoc.
   901 W Jackson Blvd
   Suite 202
   Chicago, IL 60607
   Address
   Phone No.(312) 346-6100          Fax No.(312) 346-6228
   Date   9/17/2014

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
   Signature of Authorized Individual

   Printed Name of Authorized Individual

   Title of Authorized Individual

   Date

Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X
   (Signature of Foreign Representative)

   (Printed Name of Foreign Representative)

   Date

Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

   Printed Name and title, if any, of Bankruptcy Petition Preparer

   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

   Address

X
   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1995-2011 Build 10.0.4.1, ID 3901d0470)

**EXHIBIT 20**

Case 14-00098    Doc 1    Filed 02/11/14    Entered 02/11/14 14:43:41    Desc Main
Document    Page 61 of 65

EXhibit 21

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

MOTHER'S TOUCH HOME HEALTH, INC.,    )
                    Plaintiff,    )
                    )
VS.    )    Case No. 12 CH 42455
                    )
PARK NATIONAL BANK, TRUST # OP13394    )
JOSEPH SNEED as Trust Beneficiary    )
AND UNKNOWN AGENTS,    )
                    Defendants.    )

AGREED ORDER    PAGE 1

THIS CAUSE coming to be heard on Plaintiff's Petition for a Rule to Show Cause why
defendant Sneed and his agents should not be held in contempt, by and through their attorney,
Raymond I. Sanders, Defendants with notice, the Court with jurisdiction and being fully apprised
in the premises:

AFTER A HEARING ON PLAINTIFF'S PETITION FOR A RULE TO SHOW CAUSE,
THE COURT HEREBY FINDS:

1.  This Court has jurisdiction over the parties in this cause and subject matter of Plaintiff
    Mother's Touch Home Health and Defendant Sneed.

2.  The Court found the Plaintiff is in need of immediate protection and will be irreparably
    injured without the court's protection and the status quo must be maintained until a
    proper accounting of all assets has been determined.

3.  The Court issued a Temporary Restraining Order ("TRO") which ordered Defendant
    Sneed and his agents to restore the property to the conditions he found it prior to
    changing locks and ejecting the plaintiff.

4.  The Court granted an order for a special process server who did, on December 6, 2012,
    serve a true and correct copy of this Court's order upon defendant Sneed.

5.  That from December 6 through December 10, 2012, defendant Sneed and his agents
    failed to follow the directives of the TRO, except for one enter remove D

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  That Joseph W. Sneed, Jr. and any and all of his agents and employees are hereby
    prohibited from moving, selling, transferring, gifting any and all personal property,
    vehicles, tools, buildings, parts, desks, computers, monex [illegible]

DEC 10 2012

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

1

---

Case 14-00098    Doc 1    Filed 02/11/14    Entered 02/11/14 14:43:41    Desc Main
Document    Page 62 of 65

Order    EXhibit 21    (2/24/05) CCG N0

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

v.

No.

ORDER

Atty. No.: _____

Name: _____    ENTERED: _____

Atty. for: _____

Address: _____    Dated: _____

City/State/Zip: _____

Telephone: _____    Judge    Judge's No.

DEC 10 2012

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution – White: 1. ORIGINAL-COURT FILE   Canary: 2. COPY  Pink: 3 COPY

---

**Left document (rotated):**

Order

Exhibit 22

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_(handwritten plaintiff name)_

v.

No. _____

**ORDER**

_(handwritten order text)_

ENTERED:

Dated:

ENTERED
JUDGE SOPHIA H. HALL 1862
JAN 2 8 2013
2-28-2013 BY (illegible)
CLERK OF THE CIRCUIT COURT
DEPUTY CLERK

Judge                     Judge's No.

Atty. No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Copy Distribution - White: 1. ORIGINAL - COURT FILE   Canary: 2. COPY   Pink: 3. Copy

---

**Right document:**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Hassan A. Muhammad | Joseph W. Sneed |
| N/A | |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| N/A | Robert J. Adams, 901 W. Jackson Suite 202, Chicago, IL 60607 |

**PARTY (Check One Box Only)**
☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor   ☐ Other
☐ Trustee

**PARTY (Check One Box Only)**
☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor   ☐ Other
☐ Trustee

**CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)**

Petition challenging the dischargeability of debt.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property – §542 turnover of property | ☐ 61-Dischargeability – §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property – §547 preference | ☐ 68-Dischargeability – §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property – §548 fraudulent transfer | ☐ 63-Dischargeability – §523(a)(8), student loan |
| ☐ 14-Recovery of money/property – other | ☐ 64-Dischargeability – §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability – other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | |
| **FRBP 7001(3) – Approval of Sale of Property** | **FRBP 7001(7) – Injunctive Relief** |
| ☐ 31-Approval of sale of property of estate and of co-owner – §363(h) | ☐ 71-Injunctive relief – imposition of stay |
| | ☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☒ 41-Objection / revocation of discharge §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud | |
| ☒ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny (continued next column) | **Other** |
| | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et seq. |
| | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

☐ Check if this case involves a substantive issue of state law   ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if jury trial is demanded in complaint   Demand $ _____

Other Relief Sought

FILED
FEB 11 2014
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
KENNETH S. GARDNER, CLERK
PS REP - LAM /DDS

Case 14-00098    Doc 1    Filed 02/11/14    Entered 02/11/14 14:43:41    Desc Main
Document    Page 65 of 65

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR: Joseph W. Sneed | BANKRUPTCY CASE NO.: 14-01361 |
| DISTRICT IN WHICH CASE IS PENDING: Northern District | DIVISION OFFICE: Eastern | NAME OF JUDGE: Barnes |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF: Hassan A. Muhammad (pro se) | DEFENDANT: Joseph W. Sneed (pro se) | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING: Northern Dist. (pro se) | DIVISION OFFICE: Eastern | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
|---|---|---|
| Hassan A. Muhammad | | |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| Feb 11, 2014 | Hassan Muhammad |

INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re the matter of | ) | **Case No. 14-01361** |
| JOSEPH SNEED, Debtor. | ) | Chapter 13 |
| | ) | Honorable Timothy A. Barnes |
| HASSAN MUHAMMAD, | ) | Ct. Room 613 |
| Plaintiff, | ) | |
| v. | ) | Adversary proceeding No. 14-00098 |
| | ) | |
| JOSEPH SNEED, | ) | |
| Defendant. | ) | |

### AFFIDAVIT IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT

I, Hassan A. Muhammad, declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

1.   I am the plaintiff in this action.

2.   That I am preceding Pro Se.

3.   An adversary complaint was filed herein on February 11, 2014.

4.   Service of process was had on the defendant's counsel when said summons and complaint addressed to the defendant counsel was delivered personally by the plaintiff to the office of Robert J. Adams on February 12, 2014.

5.   Service of process was had on defendant Sneed when said summons and complaint addressed to the defendant was delivered to the United States Postal Services, postage paid, on February 12, 2014.

6.   More than twenty one (21) days have elapsed since the defendant in this action was served, and the defendant has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

*Hassan A. Muhammad*
Plaintiff

Sworn to and subscribed before
me this 11th day of March, 2014,

*Maria Bailey*

Notary Public

OFFICIAL SEAL
MARIA BAILEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-7-2016

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

**MAR 1 1 2014**

JEFFREY P. ALLSTEADT, CLERK
PS REP. - NB

1



# Cook County
## Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

Case Information Summary for Case Number
2012-CH-42455

Filing Date: 11/27/2012
Division: Chancery Division
Ad Damnum: $0.00

Case Type:
District: First Municipal
Calendar: 14

## Party Information

**Plaintiff(s)**
MOTHERS TOUCH HOME
HEALTH

**Attorney(s)**

SANDERS RAYMOND J

2809 W DEVON

CHICAGO IL, 60659

(773) 761-0090

**Date of
Service**

**Defendant(s)**

PARK NATIONAL BANK TRUST

**Attorney(s)**

GARBIS LAW FIRM LLC

7101 N CICERO#104

LINCOLNWOOD IL,
60712

(847) 982-9518

SNEED JOSEPH

UNKNOWN AGENTS

## Case Activity

Activity Date: 11/26/2012         Participant: MOTHERS TOUCH HO[ME]

AFFIDAVIT FILED



EXHIBIT
H



WWW. ILLINOIS.COM

JESSE WHITE
SECRETARY OF STATE

## CORPORATION FILE DETAIL REPORT

| Entity Name | MOTHER'S TOUCH HOME HEALTH, INCORPORATED | File Number | 65877414 |
|---|---|---|---|
| Status | NOT GOOD STANDING | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 12/06/2007 | State | ILLINOIS |
| Agent Name | MARIA E BAILEY | Agent Change Date | 04/07/2014 |
| Agent Street Address | 321 NORTH MASON | President Name & Address | KEVIN BAILEY 321 NORTH MASON CHICAGO IL 60644 |
| Agent City | CHICAGO | Secretary Name & Address | MARIA BAILEY SAME |
| Agent Zip | 60644 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 00/00/0000 | For Year | 2014 |

Return to the Search Screen

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



WWW. ILLINOIS.COM

JESSE WHITE
SECRETARY OF STATE

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | A & H CARING CONNECTIONS, INC. | **File Number** | 64924443 |
| **Status** | ACTIVE | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 05/26/2006 | **State** | ILLINOIS |
| **Agent Name** | ALICE JACKSON | **Agent Change Date** | 09/24/2013 |
| **Agent Street Address** | 321 N MASON | **President Name & Address** | ALICE JACKSON 321 N MASON CHICAGO 60644 |
| **Agent City** | CHICAGO | **Secretary Name & Address** | MARIA BAILEY SAME |
| **Agent Zip** | 60644 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 05/20/2014 | **For Year** | 2014 |

Return to the Search Screen

**Purchase Certificate of Good Standing**
(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



**EXHIBIT**



**JESSE WHITE**
**SECRETARY OF STATE**

## CORPORATION FILE DETAIL REPORT

| Entity Name | CONCERNED CITIZENS | File Number | 56851194 |
|---|---|---|---|
| Status | ACTIVE | | |
| Entity Type | CORPORATION | Type of Corp | NOT-FOR-PROFIT |
| Incorporation Date (Domestic) | 05/28/1992 | State | ILLINOIS |
| Agent Name | ALICE JACKSON | Agent Change Date | 05/18/2006 |
| Agent Street Address | 321 NORTH MASON | President Name & Address | |
| Agent City | CHICAGO | Secretary Name & Address | |
| Agent Zip | 60644 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 05/22/2014 | For Year | 2014 |

Return to the Search Screen

Purchase Certificate of Good Standing
(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



EXHIBIT

ALL-STATE LEGAL®

| What | | | | | | Log In | Sign Up |
|---|---|---|---|---|---|---|---|

Español Français 日本語 Português Deutsch العربية Русский 中文(简体) 한국어 more    English

| Yellow Pages | Reverse Phone Lookup | Categories | Postal Codes | Phone Codes | + Add Business |
|---|---|---|---|---|---|

# Boho Chic Fashion

Chic Dresses, Tops, Skirts, Jackets Size 0-36W. Custom Size and Style!

○ ○

## Concerned Citizens
321 N Mason Ave, Chicago, IL

(773) 287-8393 |    www.mothershouse321.com |    Edit

**0**

| Hours | Cybo Score |
|---|---|
| Add hours | Cybo |
| Online Presence | **3.0** |
| Add a Social Profile | |
| Business Categories | Score |
| Social work | |

| Add Photo | Claim | Review | Bookmark | Edit |
|---|---|---|---|---|

AdChoices ▷    ▶ Dress Plus Size    ▶ Maxi Dress    ▶ Bridesmaid Dress    ▶ Womens Dress

### Address Information
321 N Mason Ave, Chicago, Il.
City: Chicago
Postal: 60644
Administrative region: Illinois
Country: United States

### Description
Edit

### Hours
Edit

### Business Keywords
Categories: Other social work activities without accommodation.
Site Categories: Social work.
ISIC Codes: 8890.

Austin-Green    W Corcoran Pl

N Mason Ave

Third Unitarian Church

W Fulton St

Google      Map data ©2015 Google

321 N Mason Ave, Chicago, IL.
Chicago

### Website
www.mothershouse321.com

### Contacts
*Executive Director*
Name Lisa Killingworth
Phone 77328783930
Email lisakillingsworth@concernedcitizens.org

*Director*
Name Alice Jackson
Phone 77328783930
Email alicejackson@concernedcitizens.org

*Executive Director*
Name Hassan Muhammad
Phone 77328783930
Email hassanmuhammad@concernedcitizens.org

# Women's Dresses
# on Sale

Shop cute dresses on sale up to
70% Off!

○ ○



EXHIBIT

K

ALL-STATE LEGAL®

**RECEIVED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCT 2 8 2013 ᴛᴹᴺᴵᵍ

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Mr. Henry Levesque
_____

███████████████████

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

CONCERNED CITIZENS, Mothers

House,

I.D.O.C.

Hassan Muhamed, (wife)Maria Muhamed, — *OWNERS*

MS, ALICE — *DIRECTOR*

**13 cv 7759**

**Judge Leinenweber**

**Magistrate Judge Gilbert**

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

xxxxx  **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
U.S. Code (state, county, or municipal defendants)

_____  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)**

_____  **OTHER (cite statute, if known)**

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**EXHIBIT**

L

Case 13-01294   Doc 120-1   Filed 02/23/15   Entered 02/23/15 18:15:36   Desc
Case: 1:13-cv-07739 Document #: 1 Filed: 10/28/13 Page 2 of 76 PageID #:2
Amended Motion to Dismiss   Page 68 of 76

I.   **Plaintiff(s):**

   A.   Name: ___Mr. Henry Levasque_____

   B.   List all aliases: _____None_____

   C.   Prisoner identification number: ____N-41756_____

   D.   Place of present confinement: ___Stateville, N.R.C._____

   E.   Address: __P.O. Box 112, Joilet, Il. 60434_____

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.   **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A.   Defendant: ___ILLINOIS DEPARTMENT OF CORRECTIONS_____

        Title: _____PRISONER REVIEW BOARD_____

        Place of Employment: ___#!(319 e madison_____

   B.   Defendant: _Mr & Mes HASSAN Muttamed, Maria Muhamed_

        Title: _OWNERS OF ConCerned Citizens Mothers House_

        Place of Employment: _904 N. ST Louis  CAGO, IL. 60651_

   C.   Defendant: ___Ms. Alice_____

        Title: _____Director of Mothers House_____

        Place of Employment: ___Females div. of Mothers House___

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

Case 13-01294   Doc 120-1   Filed 02/23/15   Entered 02/23/15 18:15:36   Desc
Case: 1:14-cv-04034 Document #: 3 Filed: 05/30/14 Page 1 of 1 PageID #:41
Amended Motion to Dismiss   Page 69 of 76

*PH*

## APPEARANCE FORM FOR PRO SE LITIGANTS
## DISTRICT COURT FOR THE N(

14cv4034
JUDGE KOCORAS
MAG. JUDGE GILBERT

Information entered on this form is required f(
party (that is, without an attorney).

NAME:                    _____MARIA BAILEY_____
                                    (Please print)

STREET ADDRESS:          _____133 S. WALLER_____

CITY/STATE/ZIP:          _____CHICAGO, ILLINOIS 60644_____

PHONE NUMBER:            _____708 932-2438_____

CASE NUMBER:             _____

_____              _5-30-2014_____
              Signature                                    Date

## REQUEST TO RECEIVE NOTICE THROUGH E-MAIL

If you check the box below and provide an e-mail address in the space provided, you will receive
notice via e-mail.  By checking the box and providing an e-mail address, under Federal Rule of
Civil Procedure 5(b)2(E) you are waiving your right to receive a paper copy of documents filed
electronically in this case.  You should not provide an e-mail address if you do not check it
frequently.

☐       I request to be sent notices from the court via e-mail.  I understand that by making this
        request, I am waiving the right to receive a paper copy of any electronically filed
        document in this case. I understand that if my e-mail address changes I must promptly
        notify the Court in writing.

FILED

MAY 3 0 2014
5-30-14
THOMAS G. BRUTON
CLERK U.S. DISTRICT COURT

_____
        E-Mail Address
     (Please Print Clearly)

EXHIBIT
M

Updated 03/26/14

# Free Charity Cars

Member Search: | What are you looking for? | 🔍

Contact Us | Media Room

**LOG IN** ▼

| HOW IT WORKS | ABOUT US ▼ | VOTE FOR APPLICANTS ▼ | PAST RECIPIENTS | FAQS ▼ | DONATE |

🏠 Update Status | ccw12805 | Blog | *My Story*



View All

### ccw12805

Last Online on 02/07/12 10:35PM

**Current Status:**
struggling daily

| **Location:** | **Gender:** | **Age:** |
| aurora, Illinois | Female | 31 |

Log in or sign-up to cast a vote!

**You can also vote by Donating through:**

PayPal DONATIONS | JustGive.org

Every $10 Donation = 200 Votes
or Sign-up and vote for FREE!

📖 Read My Blog

📷 My Flickr Photos
No photos for this user.

▶ My YouTube Videos
No videos found for this user.

👥 My Friends

   

View All

📇 Report User

## My Story

My name is Michelle. I am a 26 years of age currently residing in Chicago, Illinois. I currently stay in a transitional home called "Mother House/Concerned Citizens." Concerned Citizens is a non-profit organization that has been in business since 1992; that provides services to ex-offenders, recovering addicts, people dealing with mental illness and HIV and/or Aids.

Here's my story::: Well, I am an ex-offender and a client at Mothers House. Well, I am no longer a client, it's like I have a second family. I have lived at Mothers House for 1 1/2 now and grateful to be here. I am a ex-offender and I deal with the struggles of being an ex-offender. I was in prison for stupid mistakes I made when I was younger which I now regret. I use to be a rebel but I have lived and learned from my mistakes. I hurt my family and most of all myself. I have matured from who I use to be. Honestly, I use to be lazy, not very outgoing, inspiring and goal orientated, now I volunteer at Mothers House 5 days a week as a paralegal. I love it. In addition, I am in training to be a lawyer. I still deal with the struggles of being an ex-offender, you know the looks, the struggles of getting a real job, I mean yeah it is hard, but I have to keep pushing myself and stay motivated because I am a success story thanks to Mother's House. So, that's just a brief history about myself ......

Now about Mother's House ..... Well, we have been in business for over 20 years and owners Alice Jackson and Hassan Muhammad (see in some of the pictures I posted) are excellent in what they do. They are struggling financially and my boss Hassan Muhammad (whom trains me on a daily basis to become an attorney) is losing contracts with other businesses due to his financial state. The economy is so poor right now and we are in crisis. My boss, whom I now consider like a second father, owns two vehicles, one of which is a van, and they are both in poor condition.

I want to help!!! How can I? I can't really. I'm struggling financially myself. That's why I'm on here. Well, I want to help my boss/my father get a reliable vehicle to transport clients of Mothers House to and from on a daily basis. We have a total of 15 women and 10 men and 6 children. We are in a bind!!!!

I want to give back to my boss to say thank you and to let him know how much I really appreciate him.

Please help us!!! I could not of done it without Mothers House.

Also, my e-mail is ccw12805@aol.com if you need to reach me another way.

If nothing else, please give us your support at least!!!!!!

Thank you for your kind hearts!!!!



EXHIBIT

ALL-STATE LEGAL®

LICENSE APPEAL COMMISSION
CITY OF CHICAGO

Five Star Certified, Inc.                                )
Hala Abuobeid, President                             )
Applicant (Change of Officers)                    )
for the premises located at                           )          Case No. 08 LA 86
935 West 87th Street                                    )
                                                                      )
v.                                                                    )
                                                                      )
Department of Business Affairs and Consumer Protection   )
Local Liquor Control Commission                )
Norma I. Reyes, Commissioner                   )
                                                                      )

## ORDER

OPINION OF CHAIRMAN FLEMING JOINED BY COMMISSIONER SCHNORF

On or about March 17, 2008, a Change of Officers application was filed by Five Star

Certified, Inc. The change in officers was to allow Hala Abuobeid to hold this liquor license as

100% owner of the stock of the corporation and to serve as the sole officer of the corporation. A

denial letter dated December 4, 2008, was sent to Hala Abuobeid as President explaining the

application for a Change of Officers was disapproved because of the applicant's failure to

cooperate and provide required documentation. It further specified that false and/or incomplete

information has been submitted to the Department of Business Affairs and Licensing in violation

of Section 4-60-040(a) of the Municipal Code which requires all applicants to submit all required

documentation, as prescribed by the rules and regulations of the department necessary to

complete the liquor license application. A timely notice of appeal was filed with the License

Appeal Commission of the City of Chicago. This matter proceeded to trial on September 17 and

1



October 8, 2009.

At the time this application was filed the location of the licensed premises was within a
moratorium area. This meant that the transfer of the license, by means of change of ownership
of stock was not allowed except for certain exemptions. These exemptions include a transfer of
stock between existing stockholders and a transfer of stock between parent and child. Prior to
March 16, 2008, Mohammad Mustafa and Mahmoud Mustafa each owned 500 shares of the
1,000 outstanding shares of stock for Five Star Certified, Inc. On March 16, 2008, Mohammad
Mustafa made a gift to Mahmoud Mustafa of his 500 shares of stock. On the same date
Mahmoud Mustafa made a gift of his 1,000 shares of Five Star Certified, Inc., stock to Hala
Abuobeid. The document memorializing this transfer is in evidence as City's Exhibit 21. It lists
Hala Abuobeid as the daughter of Mahmoud Mustafa and is signed under oath by Mahmoud
Mustafa and Hala Abuobeid. Ms. Abuobeid is not the daughter of Mahmoud Mustafa. She
admitted to signing City's Exhibit 21, but she never read the document and specifically never
saw that she had been described as the daughter of Mahmoud Mustafa.

She was never personally asked to produce a birth certificate and never personally met
with Monika Krolak from Business Affairs and Licensing. The moratorium was lifted by the
City Council on November 5, 2008. A letter dated December 1, 2008, from an individual named
Hassan A. Muhammad was sent to the Department of Business Affairs and Licensing. In this
letter Mr. Muhammad explained he had assisted the Mustafa family in the completion of the
Change of Officers application and he misunderstood the relationship between Hala Abuobeid

2

and Mahmoud Mustafa. He believed it to be father and daughter but in actuality it was that Mr.

Mustafa looked upon Hala Abuobeid as a daughter.

It is the position of the City that this application was properly denied because it contained

false information and it was incomplete. The false information is the description of the

relationship between Mahmoud Mustafa and Hala Abuobeid as father and daughter on the stock

transfer document in evidence as City's Exhibit 21. The incomplete information is the failure of

the applicant to produce the birth certificate.

The licensee has argued that the application does not list a birth certificate as a required

document; that there has been no correspondence in evidence requesting the applicant or

applicant's lawyer to produce a birth certificate, and that the false statement listing Hala

Abuobeid as the daughter of Mahmoud Mustafa was corrected prior to the denial of the

application. It was also suggested that since the moratorium has been lifted, the issue of whether

there was or was not a father-daughter relationship between Mahmoud Mustafa and Hala

Abuobeid is no longer material to the application.

Section 4-60-040 of the Municipal Code sets out the applicant and issuance procedures

for liquor licenses. In addition to listing ten specific statements and information required to be

provided, Section (b)(11) calls for production of any other information the director of business

affairs and licensing or local liquor control commissioner may need to implement the

requirements of this chapter. While the production of a birth certificate of an applicant is not

3

required in all cases, it is reasonable that production of a birth certificate could be required in a case where the issue of whether an exemption to the moratorium exists became the transfer of stock is between parent and child. While there is no direct evidence that the applicant or her attorney was told to produce this birth certificate there was circumstantial evidence that such a request would have occurred in the normal cause of investigating this type of issue. It is undisputed no birth certificate was ever produced. The failure to provide this relevant, requested information is a sufficient basis to uphold the denial of the change of ownership under 4-60-030(a).

It is also undisputed that the transfer of stock document filed with this application was false. It lists an untrue relationship between Hala Abuobeid and Mahmoud Mustafa. The fact that a letter was sent to the Local Liquor Control Commission explaining this was a mistake and the fact that Ms. Abuobeid testified she did not read this document does not change the fact that the document is false. This is especially so in this case since the falsehood dealt with a specific exemption to the ordinance. The falsehood was needed to allow the application to be processed. This false statement in itself is a basis to deny the application.

The issue before this Commission is whether the City proved by a preponderance of the evidence that the application for Change of Officers dated March 18, 2008, was properly denied on the bases that the application contained an untrue statement and was incomplete. This Commissioner finds the City proved by a preponderance of the evidence both of these allegations and further finds that the denial would be proper if only one of those bases had been

4

proven. The fact that the moratorium was lifted after the application process began and before

the application process was completed does not change the propriety of the denial of this

application. The lifting of the moratorium would only deal with whether the application was

incomplete due to failure to provide a birth certificate. It would not change the fact that false

information was provided in the application process.

The decision of the Local Liquor Control Commissioner to deny the application for a

Change of Officers is affirmed.

THEREFORE, IT IS HEREBY ORDERED That the said order or action of the Local Liquor

Control Commissioner of the City of Chicago be and the same hereby is AFFIRMED.

Pursuant to Section 154 of the Illinois Liquor Control Act, a Petition for Rehearing may be filed with this Commission within TWENTY (20) days after service of this order. The date of the mailing of this order is deemed to be the date of service. If any party wishes to pursue an Administrative Review action in the Circuit Court the Petition for Rehearing must be filed with this Commission within TWENTY (20) days after service of this order as such petition is a jurisdictional prerequisite to the Administrative Review.

Dated: December 18, 2009

Dennis M. Fleming
Chairman

Stephen B. Schnorf
Member

6